**UNITED STATES**

v.

**First Lieutenant Harold D. FEAGANS, 235–88–2492 FV United States Air Force.**

**ACM 23685.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 Aug. 1982.

Decided 13 Jan. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION

HEMINGWAY, Senior Judge:

In accordance with his pleas, the accused, a physician assistant with three years' active service, was convicted by a general court-martial of wrongful transfer of amphetamines and wrongful use of marijuana in violation of Articles 92 and 134, U.C.M.J., 10 U.S.C. §§ 892, 934. He was sentenced to be dismissed from the service, to be con-fined at hard labor for one year and six months, and to forfeit all pay and allowances.

The accused contends that it was error to permit the prosecution to cross-examine him concerning uncharged misconduct. We disagree. The accused testified under oath during the sentencing portion of the trial. During direct examination, the accused was asked, "Prior to your recent troubles, have you ever been arrested or put in jail?" The accused replied, "No, I've never even had a traffic ticket prior to this." Subsequent to this exchange, the trial counsel was permitted to question the accused concerning his preservice drug use and falsification of an Air Force drug abuse certificate prior to entry on active duty wherein he was required to disclose any illicit drug abuse. The military judge also ruled the trial counsel could introduce a portion of the accused's pretrial statement to the Air Force Office of Special Investigations as rebuttal to the accused's testimony. In that statement, the accused admitted having used marijuana for nine years.

When the accused testified under oath, he placed his credibility in issue, and the fact that he lied on an officer candidate certificate was a proper matter for impeachment. Specific instances of conduct of a witness, including the accused, may be inquired into on cross-examination for the purpose of attacking the credibility of the witness if the conduct is probative of untruthfulness. Mil.R.Evid. 608(b); *United States v. Bartlett*, 12 M.J. 880 (A.F.C.M.R.1981). The falsification of a drug abuse certificate by an officer candidate is probative of untruthfulness.

We view the accused's testimony on direct examination as an effort to portray himself as a naive country boy who had never engaged in any misconduct. His response to defense counsel's question was a blanket denial of prior illegal behavior. All of his testimony was the proper subject for rebuttal. The military judge properly ruled that the accused's pretrial statement to investigators could be used as rebuttal evi-

dence. In line with that ruling, the trial counsel cross-examined the accused concerning the admissions of lengthy drug use contained in that statement, but did not introduce the written statement itself into evidence.* During redirect examination of the accused, defense counsel placed in evidence the entire written statement, and now asserts this tactic was compelled by the judge's ruling. Having found the judge's ruling on this issue proper, the motive for the introduction of this evidence by defense counsel is immaterial. *See generally* 2 Wharton's Criminal Evidence §§ 446–447 (C. Torcia 13th ed. 1972).

We have considered the remaining assignment of error and have resolved it adversely to the accused. Accordingly, the findings of guilty and sentence are

AFFIRMED.

HODGSON, Chief Judge, and MILLER, Judge, concur.

---

* The trial counsel, had he chosen to do so, could have introduced the accused's statement into evidence not for purposes of impeachment un-der Mil.R.Evid. 608(b), but as rebuttal to the accused's assertion he had led a crime-free life.