Pamela SELFRIDGE, et al., Plaintiffs,

v.

GYNECOL, INC., et al., Defendants.

Marjorie L. BURT, et al., Plaintiffs,

v.

GYNECOL, INC., et al., Defendants.

Civ. A. Nos. 82–773–N, 82–2009–N.

United States District Court,
D. Massachusetts.

Feb. 7, 1983.

Frederic N. Halstrom, Boston, Mass., for plaintiffs.

Amy Ann Kopple, Law Offices of James J. Duryea, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

DAVID S. NELSON, District Judge.

Defendants in the above-captioned cases have moved for this court's disqualification under 28 U.S.C. §§ 144 and 455. As grounds therefor, the corporate heads of

58

the two defendant-companies have each submitted identical affidavits stating that they "have been informed by [their] attorney" (1) that "Judge Nelson and Plaintiffs' attorney [Frederic Halstrom] have been and are extremely good friends," (2) that plaintiffs' attorney "was campaign manager for Judge David Nelson when Judge Nelson ran for Congress in the late 1960's or early 1970's," and (3) "that Mr. Halstrom was a pallbearer for Judge Nelson's deceased brother within the last few years." The first statement is partially accurate; although not "extremely good friends," this court and Mr. Halstrom are personally acquainted and share a professional friendship similar to what the court has with many members of the local bar. The latter two allegations, which pertain to matters obviously within the court's personal knowledge, are entirely devoid of truth.

The relevant provisions of section 455 require a judge on his own initiative to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1). In determining the advisability or necessity of recusal under these provisions, a court need not accept any factual allegations proffered by a party as true, e.g., Idaho v. Freeman, 507 F.Supp. 706, 723 (D.Idaho 1981); instead, the appropriate inquiry is whether a reasonable person knowing all the circumstances would question the court's impartiality. Given the inaccuracy of defendants' allegations, there is clearly no basis for disqualification under section 455.

In contrast to the self-executing nature of section 455, section 144 provides a mechanism by which a litigant can seek a judge's disqualification because of bias or prejudice. Upon the filing of an affidavit by a party documenting personal judicial bias or prejudice against that party or in favor of an adverse party, the court's inquiry is limited to determining whether the affidavit is both procedurally correct and legally sufficient to compel disqualification. The court may not pass on the truth of the matters alleged, and must accept all factual assertions as accurate even when known by the court to be false. E.g., Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Davis v. Board of School Comm'rs, 517 F.2d 1044, 1051 (5th Cir.1975). It is highly doubtful that defendants' allegations—if accepted as true—concerning the court's acquaintanceship with plaintiffs' attorney would suffice to establish "a personal bias or prejudice . . . in favor of any adverse party." But the court need not decide whether the affidavits are legally sufficient to warrant recusal, since they falter on procedural grounds. Section 144 requires that such an affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith." The First Circuit has interpreted this provision as requiring not only that the certificate attest to the good faith of the affiant, but that it also state that counsel is himself acting in good faith in making it. In re Union Leader Corp., 292 F.2d 381, 385 (1st Cir.1961). In the present cases, however, the certificate of defendants' counsel states only that "she is familiar with the contents of [her clients'] affidavits and the reasons they were made and filed in this lawsuit and . . . that said affidavits are and were made in good faith." Given that the "affidavit and certificate are strictly construed against the party seeking disqualification," 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3551, at 374 (1975) (footnote omitted), this statement can be read as attesting only to the good faith of the defendants themselves and not to that of counsel. For these reasons, defendants' motion for the court's disqualification is denied.

The conduct of defendants' attorney with respect to this matter manifests an appalling degree of irresponsibility. Defendants state in their affidavits that they learned of these supposed facts from their attorney; the source of counsel's information has not been disclosed. The specific allegations concerning Mr. Halstrom's supposed participation in the funeral and political campaign were easily verifiable; both

obviously could have been confirmed by Mr. Halstrom and one would have been a matter of public record. Yet counsel has provided no indication that any steps at all were undertaken to verify these allegations. And counsel continued blithely to press the matter in the face of Mr. Halstrom's denial of these assertions in his objection to the motion. In these circumstances, an award of attorney's fees—to be paid by defense counsel rather than defendants themselves—is warranted. Based on an affidavit submitted by Mr. Halstrom, the court finds an expenditure of ten hours in connection with this matter and a rate of $100 per hour to be fair and reasonable and therefore orders that defendants' counsel pay to plaintiffs the amount of $1,000.

Defendants' motion for recusal is DENIED. Defense counsel shall pay to plaintiffs the amount of $1,000.

SO ORDERED.