**UNITED STATES**

v.

**Staff Sergeant Steven A. BOONE, FR 215–68–2299 United States Air Force.**

**ACM S26068.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 April 1983.

Decided 3 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major William H. Lamb and Captain Russell A. Friemel, USAFR. Captain Rory L. Rank filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

MILLER, Judge:

Tried by a special court-martial, the accused was convicted, contrary to his plea, of wrongfully distributing a "bud" of marihuana, in violation of U.C.M.J., Article 134, 10 U.S.C. His approved sentence extends to a bad conduct discharge, sixty days confinement at hard labor, and a reduction to airman basic.

The testimony at trial established that a prisoner who had been convicted of drug violations responded to questions presented to him by a Security Police (SP) investigator by telling him that the accused, who was in charge of the base correctional custody program, was currently holding marihuana. Apparently appalled that a person in the accused's position would possess marihuana, the SP investigator immediately asked the prisoner whether he thought he could get some of this marihuana from the

accused. The prisoner responded affirmatively. The SP investigator immediately sought the presence of an individual from within the SP squadron who had previously volunteered for undercover work. The situation was explained to this volunteer (he was unacquainted with either the prisoner or the accused) and the two individuals, after having been searched, were immediately surveilled through a controlled acquisition of marihuana from the accused. According to both individuals, once inside the accused's house, the prisoner identified his companion as his SP "escort" and then told the accused he really needed a "joint" while he was locked up. The accused, indicating he fully understood, freely supplied the prisoner with the "bud" which he later turned over to the SP investigator.

Among other assignments of error, the accused asserts that the military judge erred by overruling a defense objection to questions posed during direct examination by the government to its "prisoner" witness regarding whether or not his cooperation with the Security Police was in return for a commutation of his bad conduct discharge. Citing Military Rules of Evidence, Rule 608(b), appellate defense counsel contend that this questioning constituted an impermissible effort to bolster the witness' credibility via specific acts of conduct.

We disagree.

■ First, the instant questioning was designed to elicit the witness' motives for testifying, rather than any specific instances of his conduct. Accordingly, M.R.E., Rule 608(b) is inapplicable. Simply stated we are unaware of any rule of law which prohibits a witness from testifying to the reasons or motivating factors that caused him to be either in a position to observe the criminal conduct to which his testimony relates or to testify in court regarding these observations.

■ Furthermore, even if we were to assume the existence of such a rule of law, it would not prohibit the party proponent of such testimony from using it to rebut earlier efforts by the party opponent to impeach the witness via motives for misrepresentation pursuant to M.R.E., Rule 608(c).

■ Here, during its earlier cross-examination of the S.P. investigator, defense had asked:

Q. Isn't it true his [the prisoner's] BCD was still pending or Bad Conduct Discharge was still pending at that time?

A. I believe it was, yes sir.

Q. Isn't it true that part of the deal with the Government was to have the BCD suspended if he cooperated with the Government? Isn't that true?

A. I don't know what deals he made with the Government, sir.

When the prisoner himself was called to testify, the military judge did not err by allowing trial counsel to obtain the correct answers to these questions.

The accused also asserts that the military judge erred during defense counsel's cross-examination of the prisoner's companion in the instant drug acquisition, by refusing to allow a question as to whether or not the witness had falsely denied pre-service use of marihuana on his enlistment application.

We agree.

■ It is true that under Military Rule of Evidence 608(b), a military judge's decision as to whether to allow cross-examination into specific acts of misconduct is a discretionary matter. However, when such a specific act of misconduct is, in and of itself, directly probative of the witness' truthfulness, a military judge must allow it because, by definition, it is always relevant to the issue of that witness' credibility. Since the question of whether or not the witness had falsely denied pre-service use of marihuana on his enlistment application was probative of his truthfulness, the question should have been allowed. *See United States v. Feagans*, 15 M.J. 667 (A.F.C.M.R.1983).

■ Having reviewed all the evidence, however, it is inconceivable to us that the fact-finders, confronted by the other overwhelming evidence of the accused's guilt,

would have disbelieved the remainder of this witness' testimony, simply because he denied prior marihuana use when he enlisted in the United States Air Force. Therefore, we do not regard this error as prejudicial to any substantive right of the accused.

The other assigned errors being without merit, the findings of guilty and the sentence are, accordingly,

AFFIRMED.

HODGSON, Chief Judge and FORAY, Senior Judge, concur.