UNITED STATES, Appellee,

v.

Elmer G. OWENS, Jr., Chief Warrant
Officer Two, U.S. Army, Appellant.

No. 48239.
CM 442375.

U.S. Court of Military Appeals.

Dec. 9, 1985.

For Appellant: *James D. Keegan, Esq.* (argued); *Captain Donna Chapin Maizel* (on brief); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Major Edwin D. Selby, Captain Edmund S. Bloom, Jr.*

For Appellee: *Captain Karen A. Charbonneau* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Joseph A. Rehyansky* (on brief); *Lieutenant Colonel John T. Edwards.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial composed of officer members and a military judge during November and December, 1981, at Fort Campbell, Kentucky. Pursuant to his pleas, he was found guilty of violating a general regulation by possessing an unregistered firearm, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Contrary to his pleas, he was found guilty of intentionally murdering his wife, Mary Owens, without premeditation, in violation of Article 118(2), UCMJ, 10 U.S.C. § 918(2). The members sentenced appellant to a dishonorable discharge, confinement at hard labor for 25 years, and total forfeitures. The convening authority approved the sentence and the Court of Military Review affirmed. 16 M.J. 999 (1983).

The circumstances surrounding appellant's conviction for unpremeditated murder were summarized by the court below as follows:

On 4 September 1981, Gari Owens was apprehended for the murder of his wife, Mary Owens. She died in the early morning hours of 4 September as a result of a single gunshot which entered her back causing a large laceration of the liver and perforation of the breathing muscle. Death was due to excessive bleeding. At the time Mary Owens had been driving the couple's Volkswagen Rabbit down the street from their quarters at Fort Campbell, Kentucky. Gari Owens held the 30.06 rifle mounted with a "Bushnell 4" telescopic sight which fired the fatal bullet.

At the trial the government introduced evidence to show that Gari Owens fired the weapon in anger following a domestic quarrel and that Owens intended his wife's death or grievous bodily harm. In defense Owens took the stand. An experienced hunter and marksman, Owens claimed that he had been standing in front of his house examining his rifle and that he had chambered a round and cleared the weapon by pulling the trigger. He maintained that his wife's death was a tragic accident.

*Id.* at 1000.

Before this court-martial, defense counsel filed several motions to exclude prosecution evidence of appellant's prior convictions and arrest for criminal conduct in civilian jurisdictions. These motions, based on Mil.R.Evid. 404 and 609, were raised again at trial, but the military judge deferred his rulings until the prosecution attempted to introduce such evidence.

Later, after appellant testified on direct examination, the military judge held an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session. The judge discussed with counsel the probability that matters referred to in the earlier defense motions would be brought up during cross-examination of appellant. Trial counsel indicated that he would question appellant concerning omission of these matters from his warrant-officer application and accompanying statement of personal history but would not go into the details of these omissions.

Appellant denied that he had ever lied under oath or affirmation. He initially stated that his affirmative answers to these questions were truthful. He later admitted that he had lied under oath or affirmation by omitting the complete answers to these two questions on the application. He explained, however, that he did not realize that he was lying or that the complete answers were not on the forms. During this cross-examination, no mention was made as to the nature or details of these omissions.

At this point in the trial, a second session was held by the military judge outside the presence of the members. Trial counsel indicated his intention to cross-examine appellant using the questions which are chal-

lenged on appeal. He asserted that they were permissible under Mil.R.Evid. 608(b). Defense counsel objected on the basis of Mil.R.Evid. 609. The trial judge permitted the questions, and substantially negative answers were provided by appellant.

It is important to identify the questions of trial counsel which form the basis for this appeal. Appellant was cross-examined as follows:

Questions by assistant trial counsel:

Q. Mr. Owens, isn't it a fact that as to your application for appointment as a Warrant Officer in the United States Army and the statement of personal history attached to it, that you knowingly omitted the fact from questions 19 and 18, that you had been convicted in Daleville, Alabama, for the possession of marihuana and marihuana paraphernalia in 1976?

A. No, sir.

Q. Is it not a fact that you intentionally omitted from both of these documents the fact that you had been arrested in 1976 in Daleville, Alabama, for assault and battery on your second wife, Mrs. Jennifer Conant Braun?

A. No, sir.

Q. Is it not a fact that you omitted from both of these documents, the fact that you had been convicted in Enterprise, Alabama, for carrying a .22 caliber pistol in your automobile without a permit in 1976?

A. It was admitted—it was omitted, rather. I did not knowingly omit it.

Q. You did not knowingly omit it?

A. I did not omit it.

Q. Mr. Owens, isn't it a fact that you knowingly omitted all three of these matters from those two documents because you realized that if you put them in there, you likely would not become the Warrant Officer that you wanted so badly to become?

A. No, Sir. That's not true.

After this cross-examination, defense counsel questioned appellant in detail about these omissions. He admitted to two prior convictions and provided explanations for the underlying conduct. He further explained the omission of this information from these forms. He testified that he informed the personnel specialists processing his application that he had a local marihuana offense and pistol offense. He asserted that he relied on these personnel specialists to properly process his application and signed the final papers without reading them. He made no admission concerning his prior arrest for assault or any claim that he disclosed this matter to them.

Finally, prior to deliberation on findings, the military judge gave the following instruction:

Now, there was certain evidence in this case which I admitted for certain limited purposes. Specifically on cross-examination of the accused, the trial counsel presented the accused with a document which was not offered in evidence but this line of questioning was engaged in for the limited purpose of determining the credibility of the accused as a witness. And specifically as to this issue, the accused replied that when he submitted his application for a warrant officer and the accompanying statement of personal history, when answering the question whether or not he had ever been arrested or convicted for offenses, he answered "yes," but did not give complete answers. And specifically, the prosecution inquired as to the accused omitting his having been convicted in a civilian court in Daleville, Alabama, and another conviction in a civilian court in Enterprise, Alabama, both in 1976 for offenses of possession of marihuana and carrying an unregistered firearm, as well as omitting having been arrested in 1976 in Daleville, Alabama, for assault and battery on an individual. And by the same token, the accused then explained his omission of this, alluding to administrative processes in which these applications were prepared and stated that al-

though it was an oversight, it was not an intentional oversight on his part. Now, as I mentioned, that line of questioning and answers were admitted only for the purpose of your assessing the credibility of the accused as a witness, whether he did or did not intentionally lie in those documents.

This Court granted review on the following question of law:

WHETHER THE APPELLANT WAS IMPROPERLY IMPEACHED TO HIS SUBSTANTIAL PREJUDICE BY QUESTIONS CONCERNING OMISSIONS FROM HIS APPLICATION FOR WARRANT OFFICER CANDIDATE.

We hold that it was proper for trial counsel to attempt to impeach appellant by eliciting on cross-examination his admission to a prior act of intentional falsehood. Mil.R. Evid. 607 and 608(b). However, in asking these questions for this purpose, he was prohibited from suggesting evidence to the members which was inadmissible. Mil.R. Evid. 103(c). We find that the evidence of appellant's prior convictions and arrest, and the underlying conduct, was not admissible to show appellant's prior criminal disposition or his untruthful character. *See* Mil.R.Evid. 404(a), 608(b), and 609. Nevertheless, we find that such evidence could be admitted at this court-martial and was suggested for a purpose other than showing appellant's character. Mil.R.Evid. 404(b); *see also* Mil.R.Evid. 401. Moreover, we find with a single exception that the military judge did not abuse his discretion under Mil.R.Evid. 403 by permitting these matters to be evidenced or suggested for this purpose. *See United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). On the basis of the entire record of

trial, we conclude that such limited error under Mil.R.Evid. 103(c) and 403 was harmless. *See United States v. Weeks*, 20 M.J. 22, 25 (C.M.A.1985).

**I**

The defense's basic contention is that appellant was denied a fair trial because evidence of uncharged misconduct by him was presented to the members in violation of the Military Rules of Evidence. Defense counsel argues in his final brief that this evidence was not admissible to impeach appellant's credibility under Mil.R.Evid. 608 and 609. He further asserts that this evidence was in fact used by the prosecutor to secure appellant's conviction on the basis of his criminal disposition in violation of Mil.R.Evid. 403 and 404. He concludes by asserting that such error was constitutional in nature and not harmless beyond a reasonable doubt.

In addressing these contentions, we first note that the granted issue challenges certain "questions" asked by trial counsel on cross-examination of appellant. These questions asserted or assumed as fact appellant had a prior conviction for possession of marihuana, a prior conviction for possession of an unlicensed firearm, and a prior arrest for assault and battery on his second wife. Trial counsel asked whether these convictions and the arrest were intentionally and falsely omitted by appellant in his answers to certain questions on his warrant-officer application.[1] Earlier on cross-examination, appellant generally denied that he had ever lied under oath and particularly denied that he knowingly provided incomplete answers on his warrant-officer application.[2] In response to the chal-

---

1. The defense motions *in limine* filed prior to trial constituted good reason for trial counsel to believe that appellant had in fact been convicted and arrested as asserted in his questions. This information coupled with its omission from the Application For Appointment Form also clearly established a basis in truth for trial counsel's questions concerning the commission of a prior act of intentional falsehood by appellant. *See* VI Wigmore, *Evidence* § 1808(2) (Chadbourn rev. 1976).

2. The Government was not required to accept appellant's earlier denials of the impeaching act of deceit. Mil.R.Evid. 608(b) only precluded it from introducing "extrinsic evidence" to prove this discrediting fact. *See generally* IIIA Wigmore, *Evidence* § 981 (Chadbourn rev. 1970). Such a prohibition does not mean that further cross-examination of appellant is impermissible. *See United States v. Cottle*, 14 M.J. 260, 264 (C.M.A.1982); *People v. Sorge*, 301 N.Y. 198, 93 N.E.2d 637, 639 (1950). Within reason, it could

lenged questions, he again denied that he knowingly engaged in this deceitful conduct.

■ Mil.R.Evid. 103(c) addresses the above situation. It states:

(c) *Hearing of members*. In a court-martial composed of a military judge and members, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the members by any means, such as making statements or offers of proof or asking questions in the hearing of the members.

Here, trial counsel's questions clearly suggested to the members that appellant had the above-noted convictions and arrest. *See United States v. Pintar*, 630 F.2d 1270, 1285–86 n. 20 (8th Cir. 1980).[3] In addition, we note that appellant, in response to these questions, indirectly admitted his previous firearm conviction. *See United States v. Harding*, 525 F.2d 84 (7th Cir.1975). Finally, on redirect examination in regard to these questions, he admitted his drug conviction and firearm conviction and explained the circumstances of each. In this context and in view of the military judge's instructions, we hold that the propriety of these questions must be assessed in terms of the admissibility of the evidence suggested by these questions. Mil.R.Evid. 103(c).[4]

## II

■ A threshold question we must decide is whether the evidence of prior convictions, the arrest, and the underlying misconduct suggested in these questions was *per se* inadmissible. The Military Rules of Evidence do not establish such an absolute bar; instead admissibility depends, at least

initially, on the purpose for which such evidence is offered. *See United States v. Martin*, 20 M.J. 227, 229 n. 3 (C.M.A.1985) (opinion of Cox, J.); *United States v. Brannan*, 18 M.J. 181, 183 (C.M.A.1984). Evidence which is inadmissible for one purpose in a criminal trial may nonetheless be admitted if its admission is justified for another purpose which is legitimate. Mil.R. Evid. 105; *see United States v. Abel, supra*, 105 S.Ct. at 471; *see generally* IA Wigmore, *Evidence* § 216 (Tillers rev. 1983).

■ We note that there were several purposes for which the suggested evidence was clearly inadmissible. First, evidence of these prior bad acts was not admissible under Mil.R.Evid. 404(a) to show appellant's criminal disposition. Not only were the requirements of this evidentiary rule not satisfied in this case, but also trial counsel did not attempt to offer the suggested evidence for the purposes stated in this rule. Second, evidence of the prior facts of convictions and arrest was not admissible under Mil.R.Evid. 609 to show appellant's poor character for veracity. Not only were the requirements of this rule not satisfied in this case, but also trial counsel conceded the suggested evidence was inadmissible under this rule. Finally, evidence of the prior misconduct was not offered under Mil.R.Evid. 608(b) to *directly* show appellant's poor character for truthfulness. Trial counsel did not contend that the suggested acts of misconduct, *i.e.*, drug possession, unlicensed firearm possession, and assault and battery, were themselves the type of conduct which could be considered probative of a person's character for truthfulness. *See United States v.*

---

rephrase its questions in terms of the specific matters omitted so as to gradually but dramatically induce appellant to abandon his previous more general denials. *See* Mil.R.Evid. 611(b) and McCormick's *Handbook of the Law of Evidence* § 28 at 55–56 (E. Cleary 2d ed. 1972).

3. *See* n. 1, *supra*.

4. At an Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), session, trial counsel

indicated that he intended to ask appellant whether he had been convicted and arrested for these offenses as of the date he signed the application and whether he intentionally omitted these facts from his answers. However, he asked only the latter question, assuming as fact the existence of the prior convictions and arrest for the specific offenses. *Cf.* McCormick, *supra* § 7.

*Dennis*, 625 F.2d 782, 798 (8th Cir.1980); *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

■ Evidence of prior crimes or bad acts can be admitted in a criminal case for reasons other than to show an accused's bad character or his poor character for veracity. *See* IA Wigmore, *supra*, §§ 215 and 216. For example, it may be admitted to show a person's motive or intent in doing a certain act. Mil.R.Evid. 404(b); IA Wigmore, *supra*, § 217.[5] Moreover, it may be admitted to show a necessary or inseparable part of some other act which can be properly shown in a criminal case. *See generally* IA Wigmore, *supra*, § 217 and II Wigmore, *Evidence* § 306 (Chadbourn rev. 1979). The admissibility of prior criminal acts for this purpose is beyond the scope of Mil.R.Evid. 404(a), 608, and 609 because the suggested evidence is not offered to show character. *United States v. Richardson*, 764 F.2d 1514, 1521–22 (11th Cir.1985). Admissibility for this noncharacter purpose is initially governed by Mil.R. Evid. 401. *Id.*

■ In the present case, trial counsel suggested the evidence of appellant's prior crimes for such a purpose. The Government was clearly authorized under Mil.R. Evid. 608(b) to impeach appellant by extracting on cross-examination his admission to a prior act of intentional falsehood under oath. *See United States v. Dennis, supra*; *see generally* IIIA Wigmore, *Evidence* §§ 926 and 983(4) (Chadbourn rev. 1970). In particular, he had a good-faith belief that appellant had previously failed to provide complete and truthful answers on his warrant-officer application. *See United States v. Cole*, 617 F.2d 151, 153–54 (5th Cir.1980); *Lewis v. Baker*, 526 F.2d 470 (2d Cir.1975); *United States v. Feagans*, 15 M.J. 667 (A.F.C.M.R.), *pet. denied*, 16 M.J. 149 (1983). Since the prior convictions and arrests were the matters omitted in his answers, they were necessary and inseparable parts of this act of deceit. As such, they were clearly matters which were relevant within the meaning of Mil.R.Evid. 401 to establish appellant's prior act of falsehood. *See United States v. Barnes*, 622 F.2d 107 (5th Cir.1980); *United States v. Feagans, supra*. More importantly, the adverse nature of these omissions coupled with appellant's admitted interest in being selected reasonably tended to show these omissions were intentional.[6] The relevance of the suggested evidence was not obviated simply because the omissions pertained to additional acts of prior misconduct which might unfavorably reflect on appellant's character. *See United States v. Hoelscher*, 764 F.2d 491, 494–95 (8th Cir.1985): *United States v. Eatherton*, 519 F.2d 603, 611 (1st Cir.), *cert. denied*, 423 U.S. 987, 96 S.Ct. 396, 46 L.Ed.2d 304 (1975).

### III

■ The relevance of the suggested evidence to show a prior act of deceit by appellant does not *per se* dictate its admissibility under the Military Rules of Evidence. Under Mil.R.Evid. 403, evidence relevant for a permissible purpose may still be found inadmissible "if its probative value is substantially outweighed by the dan-

5. The suggested evidence of prior misconduct also was not admissible to directly show appellant's intent to falsify his warrant-officer application under Mil.R.Evid. 404(b). The acts of unlawfully possessing marihuana, unlawfully possessing a firearm, and assault and battery are not similar at all to the above act of deceit. *See United States v. Brannan*, 18 M.J. 181, 184–85 (C.M.A.1984); *see generally* II Wigmore, *Evidence* § 302 (Chadbourn rev. 1979).

6. The suggested evidence of prior misconduct tended to show the omissions were substantial and material to the success of appellant's warrant-officer application. The Government argued that the more substantial and material the omission, the more likely that the omission was intentional on appellant's part. We note further that the more substantial and material the omissions, the less likely that personnel specialists would negligently omit responses given by appellant on the final form. In this light, the particular matters omitted were external circumstances which reflected on appellant's intent in submitting his application in an incomplete form. *See generally* II Wigmore, *supra*, §§ 242 and 242(2), and IIIA Wigmore, *supra*, § 1023; *cf.* n. 5, *supra*.

ger of unfair prejudice." This additional requirement for admissibility precludes admission of relevant evidence which would tend to *"unduly"* prejudice an accused under the circumstances of a particular case. *United States v. Abel, supra,* 105 S.Ct. at 470.

The military judge in making such a discretionary decision must first assess the need for this evidence. *See generally United States v. Martin, supra* at 230 n. 5. He must consider whether the evidence is relevant to a contested issue in the trial, whether other evidence is available to the prosecution and the strength of the challenged evidence. *See United States v. Goodwin,* 492 F.2d 1141, 1150 (5th Cir. 1974).

■ The record of trial in this case provides a firm basis for the conclusion that the suggested evidence had substantial probative value. First, the issue of appellant's prior falsehood was clearly a matter contested by the parties. Although after some evasion appellant admitted there were some omissions on his application, he steadfastly denied that he consciously and intentionally omitted the complete answers.[7] Second, other evidence to show appellant engaged in this act of deceit was not available to the Government. Under Mil.R. Evid. 608(b), the prosecution could not introduce extrinsic evidence of appellant's prior falsehood, by, for example, calling the personnel specialists who processed appellant's application. Finally, the strength of the suggested evidence to show appellant's prior falsehood was considerable. The number of omissions, their serious nature in terms of involvement with law enforcement authorities, and the potentially disqualifying character of the underlying offenses in terms of military promotion were

substantial circumstances indicating deliberate deceit by appellant. *See generally United States v. Abel, supra,* 105 S.Ct. at 470.

The military judge was also required to consider the tendency of the suggested evidence to unfairly prejudice appellant. He had to assess the suggested evidence in terms of its tendency to incite the members to irrational decision by its force on human emotion. *See United States v. Richardson, supra* ; *United States v. Beechum,* 582 F.2d 898, 917 (5th Cir.1978). The prior convictions and the prior arrest could naturally have led the members to find the appellant guilty because he was a "bad man." *See United States v. Martin, supra* at 230 n. 4. Also, the fact of prior involvement with drugs might have raised the enmity of the members in view of the strong policy of the military against such conduct.[8] Finally, the fact of a prior assault and battery may have led the members to conclude that appellant was disposed to acts of violence such as the crime for which he was charged. However, these prejudicial tendencies were substantially reduced in the present case by the limiting instruction of the military judge which restricted the members' consideration of the suggested evidence to the issue of credibility. *See United States v. Abel, supra,* 105 S.Ct. at 470; *United States v. Richardson, supra* at 1522. In these circumstances and in view of the considerable probative value of the suggested evidence for a proper purpose, we hold that the military judge did not abuse his discretion under Mil.R. Evid. 403. *Id.*

■ This holding does not extend to all the suggested evidence to which trial counsel was permitted to refer. The victim of appellant's purported assault and battery

---

7. Appellant admitted that complete and truthful answers to several questions on his warrant-officer application had been omitted. He asserted, however, that he did provide complete answers orally to the personnel specialists who processed his application; that they omitted the complete answers; and that he failed to read the completed forms before he signed them. In other words, he denied the impeaching fact sought to be proven by the Government, name-

ly, that he knowingly and intentionally lied under oath or affirmation. *See* Mil.R.Evid. 608(b).

8. Appellant pleaded guilty at this trial to possession of an unlicensed firearm. The tendency for unfair prejudice on the murder charge from suggested evidence of an earlier conviction for an additional firearm offense is not great.

was identified as his second wife, Mrs. Jennifer Conant Braun. It is highly doubtful that the questions on the warrant-officer application intended to elicit this information as an essential part of a truthful and complete answer. In any event, its probative value, if any, on the issue of deceit was marginal if in fact the arrest and the basic underlying offense, assault and battery, had been omitted. Of course, the potential for prejudice was great in view of the fact that appellant was on trial for the murder of his third wife. This conclusion is buttressed by the fact that the military judge in his closing instructions referred to the suggested evidence of assault and battery as occurring "on an individual." Therefore, acknowledging the broad discretion of the military judge under Mil.R.Evid. 403, we nonetheless hold that the suggested evidence in this limited regard was inadmissible.

### IV

The final issue we must resolve is whether appellant's conviction should be set aside because of this error. The court below did not reach this question because it found no error under Mil.R.Evid. 403. *See United States v. Owens, supra* at 1003. Appellate defense counsel, asserting deliberate prosecutorial misconduct,[9] argues that admission of the evidence of prior convictions and the arrest was error of a constitutional dimension. *See generally Estelle v. Williams,* 425 U.S. 501, 503–04, 96 S.Ct. 1691, 1692–93, 48 L.Ed.2d 126 (1976); *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *United States v. Fountain,* 642 F.2d 1083, 1091 (7th Cir.) *cert. denied,* 451 U.S. 993, 101 S.Ct. 2335, 68 L.Ed.2d 854 (1981). He contends that this error was not harmless beyond a reasonable doubt under the test of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In the alternative, he argues that the error was prejudicial within the meaning of Article 59(a), UCMJ, 10 U.S.C. § 859(a). *See United States v. Barnes,* 8 M.J. 115 (C.M.A.1979). We disagree.

The particular error we have found in the present case was that the military judge improperly permitted trial counsel to suggest inadmissible evidence to the members. Mil.R.Evid. 103(c). The suggested evidence which was inadmissible was the identity of the purported victim of an assault and battery for which appellant had been previously arrested. Mil.R.Evid. 403. Contrary to appellate defense counsel's argument, however, we find the remaining evidence suggested in these questions was admissible under Mil.R.Evid. 404(b), 401, and 403. Moreover, trial counsel secured the prior approval of his questions from the military judge outside the presence of the members. In this regard, we note that he expressly referred the military judge to Mil.R.Evid. 403. We find no deliberate prosecutorial misconduct in these circumstances. Mil.R.Evid. 104(c).

We also note that an erroneous ruling by a trial judge under Mil.R.Evid. 403 is not by itself constitutional error. *See Luce v. United States,* 469 U.S. 38, ——, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984). The military judge clearly instructed the members that appellant was entitled to the presumption of innocence. He also specifically instructed them on the limited purpose for which the matter of the prior arrest could be considered. Mil.R.Evid. 105. Finally, defense counsel did not specifically request that reference to the identity of the victim be deleted or that additional cautionary instructions be given concerning the fact of a prior arrest. *See IIIA Wigmore, supra,* § 980(a). In this context, the assertion of direct constitutional error is highly questionable. *See Luce v. United States, supra.*

In any event, we are convinced beyond a reasonable doubt that appellant suffered no actual prejudice as a result of the suggested evidence of the victim of his purported prior assault and battery. The reasons for this conclusion are several and rest on our own examination of the entire record of trial in light of the factors enunci-

**9.** *See* VI Wigmore, *supra,* § 1808(2).

ated in *United States v. Weeks, supra* at 25.

First, we note that the Government's case against appellant for the unpremeditated murder of his wife was strong and conclusive. It was based on circumstantial evidence of the events on the night in question and direct evidence of appellant's prior hostile relationship with the victim. The suggested evidence of a prior assault and battery on a different wife did not measurably add to the strength of the Government's *prima facie* case. Second, the defense theory of accident was feeble and implausible. He conceded that he fired the gun which killed his present wife. The probability that an experienced hunter would accidently shoot his wife through the rear of a moving vehicle at night and at a great distance was certainly remote. Third, the critical issues in this case were the reasonableness of appellant's accident testimony in terms of external probabilities and his character for truthfulness. His propensity or disposition for doing violence to his spouse was not a material issue in this case. Fourth, the quality of the suggested inadmissible evidence was very weak. Appellant, neither on cross-examination nor redirect examination, ever admitted the prior arrest or the underlying offense. Fifth, the one-time express reference to this suggested inadmissible evidence was not repeated by trial counsel or exploited by him in argument. Moreover, as noted earlier, the military judge deleted the name of the victim in his closing instructions.

We have concluded that it was error for the military judge to allow trial counsel to suggest to the members in his cross-examination questions that appellant had previously been arrested for assault and battery on his second wife. However, appellant was entitled to a fair trial, not "an error-free, perfect trial." *United States v. Hasting*, 461 U.S. 499, 508, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983). After considering the trial record as a whole, we are convinced beyond a reasonable doubt that this error did not prejudice appellant. Accordingly, he is not entitled to relief.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.