**UNITED STATES**

v.

**Airman First Class Jesse W. ANDERSON, FR 527–65–6850, United States Air Force.**

**ACM 26840 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 March 1988.

Decided 30 June 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Mark R. Bell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Morris D. Davis.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

BLOMMERS, Judge:

The appellant entered into a pretrial agreement promising to plead guilty to certain of the offenses charged against him, including larceny, wrongful appropriation, submitting false claims and uttering worthless checks in violation of Articles 121, 132 and 134, UCMJ, 10 U.S.C. §§ 921, 932, 934. Also pursuant to the terms of his pretrial agreement, he selected trial by judge alone, Major Joseph E. Miniclier presiding. Consonant with his pleas he was found guilty and sentenced to a bad conduct discharge, confinement and forfeiture of $200.00 pay per month for 17 months, and reduction to airman basic (E–1). The convening authority approved the sentence.[1]

This case was originally submitted with no assignment of error, and was affirmed by us in a short form opinion. *United States v. Anderson,* ACM 26840 (A.F.C.M.R. 12 August 1988) (Senior Judge Lewis writing separately dubitante). In his petition to the United States Court of Military Appeals, the appellant included a letter claiming for the first time that he did not receive a fair trial. *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). At the request of his appellate counsel, the case was remanded to us for further review. *United States v. Anderson,* 27 M.J. 473 (C.M.A.1988) (Daily Journal).

The principal thrust of the appellant's claim is that the military judge's conduct of socially engaging with members of the base legal office on numerous and

---

1. Allied papers in the record indicate that the Air Force Clemency and Parole Board approved parole for the appellant after he had served about eight months of his sentence to confinement.

frequent occasions to include an illicit liaison with a prosecutor practicing in his court was of such a nature that the judge should have recused himself pursuant to R.C.M. 902. Further, the appellant now claims he would not have entered into a pretrial agreement to plead guilty and to be tried by judge alone had he known the full extent of the judge's relationship with base legal office personnel.

The basis of the appellant's claim is the case of *United States v. Berman, et al.,* 28 M.J. 615 (A.F.C.M.R.1989). In six courts-martial tried at Nellis Air Force Base (AFB), Nevada (site of the appellant's trial as well), between June 1987 and March 1988, Major Miniclier served as the trial judge and Captain Connie Edgar as trial counsel. In July 1988 we consolidated these six cases and ordered a limited evidentiary hearing to assess allegations that an intimate personal relationship had developed between these two officers which could affect Major Miniclier's impartiality as a trial judge. *See United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967); R.C.M. 902(a). The hearing was conducted on 17 and 19 August 1988. As a result of evidence presented at the hearing, we concluded that an improper and unprofessional relationship had developed between the two officers such that Major Miniclier was disqualified to serve as trial judge in those six cases. *See United States v. Berman, et al., supra.*

The appellant's trial was held on 14 March 1988, and the convening authority took his action on 9 May 1988. The affair between Major Miniclier and Captain Edgar apparently ended in early to mid-April 1988, and came to the attention of appropriate military authorities about two months later. Thus, the appellant's claim at this point that he did not receive a fair trial is timely.

To support his contention, the appellant relies upon the record of the *DuBay* hearing in the *Berman* case.[2] Initially, we note that Captain Edgar was not involved in the

appellant's case in any capacity. He was represented by Captains Gunn and Wells (area defense counsel stationed at Mather and Nellis AFBs, respectively). The prosecutorial team consisted of Major Langford and Captains Alich and Russell (Langford was a circuit trial counsel stationed at Travis AFB, and Alich and Russell were members of the base legal staff at Nellis). Specifically, the appellant contends:

(1) Major Miniclier had chastised Captain Wells about four days before his trial and could have still held a grudge against her.

(2) Captains Edgar and Wells were roommates and had a falling out, which, due to the relationship between Edgar and Miniclier, may have caused Miniclier to be upset with Wells.

(3) Major Miniclier had socialized with the prosecutors detailed to his case over the weekend prior to his trial.

(4) Major Miniclier discussed cases with prosecutors, including Major Langford and Captain Alich, and knew all about his pretrial agreement. In essence, his case was decided before he went to trial.

(5) His sentence is too severe.

It is true that on one occasion in March 1988 Major Miniclier gave Captain Wells what could be characterized as a "chewing out." However, this occurred because the judge had traveled to Nellis AFB to try a case docketed and scheduled for trial, only to find that Captain Wells was unprepared and was requesting a delay. This resulted in essentially two days of dead time for the judge. He was upset that she had not phoned to request the delay before he commenced the trip since she was aware of the scheduled trial date. In Air Force practice, military judges are not stationed at the base where the vast majority of their cases are tried, but instead "ride a circuit." We are not surprised that a trial judge would be upset under these circumstances, and that he would convey his displeasure to counsel. However, there is nothing of record to indicate Major Miniclier main-

---

**2.** A copy of the record of the *DuBay* hearing in *Berman* was included with the appellant's submission to the Court of Military Appeals and has

thus become part of the allied documents in this case.

tained any grudge against or ill-feelings toward Captain Wells.

Captains Edgar and Wells did experience some personal difficulties concerning their living arrangements, but again there is nothing to indicate this had any affect on Major Miniclier with regard to the appellant's case. We note that it was Captain Gunn (the individual requested defense counsel) who assisted the appellant in obtaining a pretrial agreement with the convening authority. Captain Wells' signature does not appear on the documents memorializing that agreement. Additionally, other than stating her qualifications to appear before the court as counsel, Captain Wells did not speak during the entire trial. Captain Gunn presented all matters for the defense.[3] Under these circumstances it is extremely difficult to see how Major Miniclier's acquaintanceship with Captain Wells could have had any affect on the appellant's case.

Major Miniclier had socialized with various base legal and area defense attorneys during his visits to Nellis AFB. However, other than the relationship that developed between himself and Captain Edgar, there is no evidence that his conduct on those occasions crossed the line into impropriety. We do not expect our military judges, who spend far more time on the road than at home, to live like hermits. It is reasonable to expect that judges will make acquaintances or friendships when they travel, and quite likely those will be with their professional compatriots. As we noted in *Berman:*

> Our decision today should not be read as disqualifying a trial judge on the basis of personal acquaintanceship or a professional friendship that is shared with other members of the bar. *Selfridge v. Gynecol, Inc.*, 564 F.Supp. 57 (D.C.Mass. 1983). The practice of military law can sometimes require the military judge and counsel to attend the same social gatherings, to share the same messing facilities, the same general living accommoda-

tions, and on occasion, the same mode of transportation.

*United States v. Berman, et al.*, 28 M.J. at 619. (In *Berman* we discussed the standard of conduct that is required. *See* ABA *Code of Judicial Conduct*, Canon 2 (1980).) We also note that there is no evidence indicating Major Miniclier ever socialized with Captains Alich, Russell or Gunn while at Nellis AFB. And as we noted above, Major Langford and Captain Wells did not actively participate during the appellant's trial.

Nor, is there any evidence to support the appellant's contention that Major Miniclier discussed pending cases with prosecutors. At the *DuBay* hearing Major Miniclier adamantly denied ever discussing a case *ex parte* with trial or defense counsel. In addition, Captain Ambrose, a counsel assigned to the base legal office at Nellis AFB, who frequently socialized with Major Miniclier, testified Major Miniclier never discussed pending cases.

■ In sum, we find nothing either in the appellant's record of trial or the *DuBay* hearing in *Berman* to support any of the appellant's contentions. Therefore, no basis existed for recusal of the military judge. R.C.M. 902. The fact that the appellant subsequently learned some information about the judge that he says would have affected his entering into a pretrial agreement, his pleas and his selection of a trial forum, does not call for any corrective action on our part. We find the appellant received a fair and impartial trial. *United States v. Hastings*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); *United States v. Owens*, 21 M.J. 117 (C.M.A.1985).

■ Finally, we address sentence appropriateness. The appellant references the case of *United States v. Swain*, ACM 26894 (A.F.C.M.R. 22 July 1988), wherein an airman of the same grade as the appellant was convicted of presenting false claims in amounts larger than those submitted by the appellant, and sentenced to a bad conduct discharge, six months confine-

---

**3.** We likewise note that assistant trial counsel presented the Government's case; Major Lang-

ford did not speak at all during the proceedings.

ment and reduction to airman basic. Other than involving similar type offenses (although the appellant was also found guilty of writing 12 bad checks), that case and the instant one are not related. Swain was tried at another base belonging to a different command. We decline to engage in sentence comparison under these circumstances. *See United States v. Ballard,* 20 M.J. 282 (C.M.A.1985); *United States v. Olinger,* 12 M.J. 458 (C.M.A.1982). Having again reviewed the entire record we remain convinced that his sentence is appropriate. We also note that the appellant's pretrial agreement limited confinement to 18 months. The length of confinement included in the military judge's sentence was a month less.

We again conclude that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judges LEWIS and KASTL concur.