UNITED STATES, Appellee,

v.

Private First Class John M. LUCE, SSN
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, United States
Army, Appellant.

SPCM 18404.

U.S. Army Court of Military Review.

25 Jan. 1984.

Colonel William G. Eckhardt, JAGC, Major Lawrence F. Klar, JAGC, and Captain Donna Chapin Maizel, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Daniel N. Velling, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was convicted of unlawful sale of hashish in a contested trial before members. The Government's case consisted primarily of the testimony of three witnesses: a drug suppression agent; a Special Agent Herndon; and a drug suppression agent; a Special Agent Herndon; and a confidential informant. The agent and the informant testified that they met appellant in his barracks near the Charge of Quarters desk, then went to the basement where appellant sold hashish to the agent in the presence of the informant.

We are called upon to decide two issues: whether the informant's character for

truthfulness had been attacked so as to authorize admission of evidence bolstering his credibility under Military Rule of Evidence 608 and whether the trial judge erred by excluding, on the basis of Military Rule of Evidence 403, evidence offered to bolster a defense witness's credibility.

## I

■ In his opening statement, given before the prosecution's case, trial defense counsel said, "we're going to convince you that, in fact [the agent and the informant] went out and they contrived this entire fiasco and then tried to put the blame on Private First Class Luce." During cross-examination of the Government's witnesses, trial defense counsel established that the informant had previously been apprehended by Special Agent Herndon for a drug offense; that Herndon had offered to try to have the charges against the informant dropped if the informant would help identify other drug offenders; that the informant "helped" the authorities with appellant and one other soldier; and that as a result of this activity, charges against the informant were dropped. Trial defense counsel also established through cross-examination that the drug suppression agent was promoted subsequent to his participation in the transaction with appellant.

The Government subsequently recalled Herndon to give his opinion that the informant was a truthful person. Trial defense counsel objected on the ground that evidence of the informant's good character for truthfulness was inadmissible because the informant's character for truthfulness had not been attacked. Appellant contends that the trial judge's ruling allowing Herndon's testimony was error. We disagree.

Rule 608(a) of the Military Rules of Evidence provides:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) *evidence of truthful character is admissible only after the*

*character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.* (emphasis added).

In the case at bar, the thrust of appellant's contention at trial was that the informant and the agent fabricated a drug sale by appellant in order to further their own interests. The informant's alleged motive was to enlist the help of the police authorities in getting his charges dropped. The agent's alleged motive was to obtain a promotion. Any doubt that this was the proposition propounded to the jury on the strength of the evidence summarized above is dispelled by trial defense counsel's closing statement in which this proposition was explicitly argued. *See United States v. Lechoco,* 542 F.2d 84 (D.C.Cir.1976). Since the allegation relied upon to impeach the informant constituted corrupt conduct which attacked the informant's character for truthfulness, the trial judge did not abuse his discretion by allowing opinion evidence about the informant's truthful character in response. *United States v. Medical Therapy Sciences Inc.,* 583 F.2d 36 (2d Cir.1978). *See also United States v. Morrissey,* 14 M.J. 746 (A.C.M.R.1982), *pet. denied,* 15 M.J. 323 (C.M.A.1983); *United States v. Kehrer,* 41 C.M.R. 892 (AFCMR), *pet. denied,* 19 U.S.C. M.A. 599, 41 C.M.R. 403 (1969); 3 J. Weinstein & M. Berger, *Evidence,* para. 608[08] (1977).

## II

The defense's case consisted primarily of testimony by a Sergeant Isaacs that he was the Charge of Quarters in appellant's barracks on the night of the sale, that he did not see the agent or the informant on the night of the alleged sale, that he was required to record all visitors in his log, and that there was no record of a visit by the agent or the informant.

In response, the prosecution called appellant's company commander, who testified that at the time in question company policy did not require all visitors to be recorded in the Charge of Quarters log and that in his

opinion, Sergeant Isaacs was not a truthful person.

Trial defense counsel then proposed to recall Sergeant Isaacs to testify that, "he, as an NCO, ... would [not] be willing to risk that position to lie for [appellant]." The trial judge, citing Military Rule of Evidence 403, denied the request to recall Sergeant Isaacs on the ground that such testimony had "just about no probative value."

 As Sergeant Isaacs' character for truthfulness had been attacked by the company commander's opinion that Sergeant Isaacs was not a truthful person, opinion or reputation evidence of Sergeant Isaacs' character for truthfulness was admissible in rebuttal under Rule 608(a). *See United States v. Morrissey, supra.* However, we agree with the trial judge that the proposed testimony was of minimal probative value and with the judge's implicit determination that the waste of the court's time in allowing the testimony substantially outweighed its probative value. *See* Mil.R.Evid. 403. *See also United States v. Callahan,* 442 F.Supp. 1213 (D.Minn.1978), *rev'd on other grounds sub nom., United States v. Larson,* 596 F.2d 759 (8th Cir.1979). Secondly, Sergeant Isaacs' proposed testimony related to a motive for telling the truth (protection of his status as a noncommissioned officer) rather than to his character for truthfulness. His testimony was therefor barred by Military Rule of Evidence 608(a), which states that "evidence [supporting credibility] may refer only to character for truthfulness or untruthfulness...."

Ordinarily this conclusion would resolve the issue, but as appellant has noted in his brief, the informant had previously testified along similar lines. During the Government's redirect examination, the informant was asked whether he would lie to the police authorities about a drug transaction in which he had participated as a police informant. Without objection by trial defense counsel or *sua sponte* action by the trial judge, the informant answered in the negative.

Evidence which is otherwise inadmissible may be admitted to counter or rebut other evidence already improperly admitted. The prior receipt of inadmissible evidence does not require this course of action, but instead places the matter within the discretion of the trial judge. *See United States v. Jacks,* 18 C.M.R. 912 (AFBR 1955). *See also* 1 J. Wigmore, *Evidence* § 15 (3d ed. 1940) for a discussion of the rule of curative admissibility.

With respect to Sergeant Isaacs, the trial judge was not confronted with a question asked in the normal flow of examination and cross-examination, but with an explicit request to recall a witness who had completed his testimony and had been excused, albeit temporarily. Given full opportunity to argue the admissibility of Sergeant Isaacs' proposed testimony, trial defense counsel did not advance the informant's similar previous testimony as a basis for his proposal. Considering these circumstances and, particularly, the minimal probative value of both self-serving statements, we are satisfied that the trial judge did not abuse his discretion and that his decision was not fundamentally unfair.

### III

The remaining assignment of error, relating to post-trial delay, is without merit. *See United States v. Banks,* 7 M.J. 92 (C.M.A.1979); *United States v. Rose,* 16 M.J. 568 (A.C.M.R.1983).

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.