UNITED STATES, Appellee,

v.

Ernest L. NELSON, Staff Sergeant,
U.S. Air Force, Appellant.

No. 54,383.
ACM 24775.

U.S. Court of Military Appeals.

Sept. 28, 1987.
Certiorari Denied Feb. 22, 1988.
See 108 S.Ct. 1016.

For Appellant: *Major Charles L. Wille* (argued); *Colonel Leo L. Sergi* and *Major William H. Lamb* (on brief).

For Appellee: *Captain Jeffrey H. Curtis* (argued); *Colonel Kenneth R. Rengert* and *Lieutenant Colonel Donal F. Hartman, Jr.* (on brief); *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni; Major Robert J. Webster* (USAFR).

## OPINION OF THE COURT

COX, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of committing indecent, lewd, and lascivious acts with his stepdaughter, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement for 2 years, forfeiture of $310.00 per month for 2 years, and reduction to the lowest enlisted pay grade. The convening authority approved, and the Court of Military Review affirmed, these results. 21 M.J. 711 (1985).

This Court granted review of the following issues:

### I

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ALLOWING OVER DEFENSE OBJECTION TESTIMONY FROM PROSECUTION WITNESSES AS TO PRIOR OUT-OF-COURT STATEMENTS BY THE PURPORTED VICTIM WHERE SUCH STATEMENTS WERE OFFERED IN THE PROSECUTION'S CASE-IN-CHIEF AFTER THE PURPORTED VICTIM TESTIFIED AND WHERE THE PURPORTED VICTIM . HAD NOT BEEN CROSS-EXAMINED BY THE DEFENSE.

### II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED IN HOLDING THAT AN EXPERT WITNESS COULD TESTIFY TO THE USUAL TRUTHFULNESS OF CHILD VICTIMS.

### III

WHETHER THE TESTIMONY OF THE WITNESSES MITTLEMAN AND JENKINS AS IT RELATED TO OUT-OF-COURT INTERVIEWS WITH THE CHILD WITNESS DURING WHICH

CERTAIN VERBAL AND NONVERBAL STATEMENTS WERE TAKEN FROM THE WITNESS THROUGH THE USE OF ANATOMICALLY CORRECT DOLLS SHOULD NOT HAVE BEEN ADMITTED SINCE SUCH VERBAL AND NONVERBAL STATEMENTS WERE NOT SUBJECT TO CROSS-EXAMINATION.

This case presents a difficult scenario because it is based entirely on the statements of the victim, appellant's 6-year-old stepdaughter. There were no eyewitnesses, no confession, and no physical corroboration of the victim's complaint. Much of the information obtained in the trial was introduced through the testimony of mental-health professionals and others who had interviewed the child during the investigation into the alleged offenses. Their testimony forms the basis for the allegations of error in the granted issues.

I

■ At the outset it should be noted that there was no denial of appellant's Sixth Amendment right of confrontation in this case. *See California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *United States v. LeMere,* 22 M.J. 61 (C.M.A.1986). The child, Jane, was called to testify and did so. Defense counsel waived cross-examination. On appeal, appellant objects to the admission of the testimony of Dr. Chastain, a pediatrician, and Ms. Mittleman, a psychologist, under Mil.R.Evid. 803(4), Manual for Courts-Martial, United States, 1984.

■ Mil.R.Evid. 803(4) excepts from the rule against hearsay statements made by the declarant for purposes of medical diagnosis and treatment. Its applicability is not limited to statements made to medical doctors and may include statements made to psychologists. *United States v. Welch,* 25 M.J. 23 (C.M.A.1987). The key to applicability of the exception is whether the patient has some expectation of promoting his well-being and thus an incentive to be truthful. *United States v. Deland,*

22 M.J. 70 (C.M.A.), *cert. denied,* — U.S. ——, 107 S.Ct. 196, 93 L.Ed.2d 128 (1986).

■ Here, the military judge found as a matter of fact that the statements were made for the purpose of diagnosis and treatment. Evidence in the record supports the judge's finding in that it shows that Dr. Chastain's purpose in obtaining the information from the child was "to insure that she was in no physical danger, not suffering from an infection, and free from medical distress." Ms. Mittleman's purpose in obtaining information from the child was to develop a diagnosis and plan of treatment for any mental/emotional problems. Moreover, there was no evidence that the child's motive in making her statements to Dr. Chastain or Ms. Mittleman was other than that of a patient responding to a doctor questioning her for diagnosis and treatment.

Appellant also contends that this evidence was cumulative and prejudicial in that it, in effect, bolstered the child's testimony. No objection on the basis of Mil.R. Evid. 403 was made at trial, and admission of this evidence does not constitute plain error. *United States v. Fisher,* 21 M.J. 327 (C.M.A.1986). Accordingly, we hold that the military judge did not err in admitting the testimony.

II

■ Appellant's second allegation of error concerns the testimony of Dr. Hord, a doctor of clinical psychology and an expert in the field of the behavior of sexually-abused children. The threshold question in determining admissibility of expert testimony is whether it would be helpful to the factfinder in resolving the facts in issue. *See* Mil.R.Evid. 702; *United States v. Gipson,* 24 M.J. 246 (C.M.A.1987). "[T]he thrust of the" rules of evidence "is to make more expert testimony available to the factfinders than previously." *Id.* at 251.

In the case at bar, Dr. Hord was asked to opine why a child might not quickly report an incident of sexual abuse; whether a child would be prompted to fabricate an allegation of sexual abuse upon viewing a

pornographic videocassette; and what, if any, relevance an adult's sexual orientation might have on the possibility or probability of his committing sexual offenses against a child.* This Court has held "that there is a sufficient body of 'specialized knowledge' " regarding "the typical behavior of sexually abused children and their families," such that the conclusions which an expert draws as to these "behavioral patterns" are admissible. *United States v. Snipes*, 18 M.J. 172, 179 (C.M.A.1984). Our review of the record discloses no abuse of discretion by the military judge in permitting Dr. Hord's testimony. This is especially true as defense counsel did not object to the questions or to the content of any of Dr. Hord's responses. Mil.R.Evid. 103(a)(1).

### III

▨ Appellant's final issue asserts that Ms. Mittleman, the psychologist, and Mr. Jenkins, a social worker, should not have been permitted to testify about the child's reactions to the anatomically correct dolls which they used during their out-of-court interviews with the child. The use of anatomically correct dolls is an accepted clinical procedure for interviewing suspect-

---

* Although the issue is styled based upon the Court of Military Review's characterization of Dr. Hord's testimony as being "limited to comments about the usual truthfulness of child victims," 21 M.J. 711, 713 (1985), in context, Dr.

ed victims of child abuse. *See, e.g., United States v. LeMere, supra*, 22 M.J. 61, 64 (child allowed to use anatomically correct dolls to facilitate her testimony). The clinicians were available to explain their observations upon cross-examination and did so. The child illustrated her testimony by using the dolls in court, at which time she was available for cross-examination. Defense affirmatively waived the opportunity to cross-examine her. Therefore, we find no violation of appellant's Sixth Amendment right to confrontation. Furthermore, no objection was made at trial to the witnesses' references to the anatomical dolls. Mil. R.Evid. 103(a)(1). Admission of expert testimony "is a matter within the discretion of the military judge." *United States v. Snipes, supra* at 178. Appellant has not demonstrated that the military judge abused his discretion in this matter, and we do not find plain error. *See United States v. Fisher, supra.*

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

Hord's comments were actually tailored to the characteristics he had observed in his experience in treating children who were allegedly sexually abused.