**UNITED STATES, Appellee,**

v.

**Sergeant First Class Jimmy N. ARM-STRONG, 446–46–2015, United States Army, Appellant.**

**ACMR 8800137.**

U.S. Army Court of Military Review.

30 March 1990.

For Appellant: Captain Brian D. Bailey, JAGC, Captain Paula C. Juba, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Contrary to his pleas, appellant was convicted by a general court-martial of sodomy, indecent assault, and taking indecent liberties with a child under the age of sixteen years. He was also convicted, pursuant to his plea of guilty, of assault and battery. The foregoing offenses were in violation of Articles 125, 128, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 925, 928, and 934 (1982) [hereinafter UCMJ]. His approved sentence included a dishonorable discharge, confinement for ten years, and reduction to the grade of Private E1.

## I

■ Appellant, through counsel, alleges that the military judge abused his discretion in denying appellant's challenges for cause against Captain Catherine Shinn, a duly appointed prospective court member.

The evidence of record discloses that during individual *voir dire* examination, trial defense counsel asked the prospective court member a series of questions, the answers to which suggested that the prospective member might give greater credence to the testimony of a child witness than that of an adult witness. Further examination by the trial counsel and the military judge elicited that the prospective witness believed that children were different from adults and would not fabricate testimony as much as an adult because they lack the motives to do so.

She stated, however, that she had an open mind and would evaluate the testimony of any child witnesses with other testimony before the court prior to determining the believability of a child witness. Appellant challenged Captain Shinn for cause on the basis that she would attribute greater credibility to a child than other witnesses and she held a general dislike of child abuse offenses. The military judge denied the challenge for cause and trial defense counsel exercised his peremptory challenge against another prospective court member who had not previously been challenged for cause.

■ An accused is entitled to have his guilt or innocence determined by a court-martial composed of individuals with fair and open minds. The Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 912(f)(1)(N) [hereinafter M.C.M.], provides in part that "[a] member shall be excused for cause whenever it appears that the member ... should not sit as a member in the interest of having the court-martial free from substantial doubt as to the legality, fairness, and impartiality."

■ The question of bias on the part of a prospective court member is essentially a question of fact. *United States v. Deain,*

17 C.M.R. 44, 49 (C.M.A.1954). Distaste on the part of a prospective member for a particular type of an offense does not *per se* create a bias which would disqualify a particular member. *See United States v. Reynolds,* 23 M.J. 292, 294 (C.M.A.1987). The issue turns on whether the member has an inelastic attitude toward the offense which is of such a nature it will not yield to the evidence presented and the military judge's instruction thereon. *See United States v. Tippit,* 9 M.J. 106, 107 (C.M.A. 1985).

Our precedents permit military judges wide discretion in ruling upon challenges for cause. *United States v. Smart,* 21 M.J. 15, 19 (C.M.A.1985) (citing *United States v. McQueen,* 7 M.J. 281 (C.M.A. 1979)). His discretion is not, however, absolute and it must be exercised in a manner consistent with existing principles of law. *United States v. Miller,* 19 M.J. 159, 163 (C.M.A.1985). Nevertheless, there must be a *clear* abuse of discretion before an appellate tribunal will reverse a trial judge's decision. *See United States v. Boyd,* 7 M.J. 282 (C.M.A.1979). As the court noted in *United States v. Smart,* there are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse, than in ruling on a challenge for cause in the impaneling of a jury. *United States v. Smart,* 21 M.J. at 19.

Here the prospective court member recognized that there are some basic differences between child and adult witnesses. The member's recognition of those differences was no indication that she would give greater credence to a child's testimony; rather she only acknowledged the testimony of a child witness must be evaluated differently from that of an adult. She positively testified that she believed a child witness would lie and that she would consider the child witness' testimony in light of other testimony in the case prior to deciding the believability or weight to be given to the child witness' testimony. Accordingly, we find no error here.

## II

■ Appellant further alleges that the military judge committed prejudicial error in admitting into evidence statements made by the alleged victim, R.A.G., to Dr. Thomas Coleman, a clinical psychologist, concerning her father's specific acts of sexual abuse committed upon R.A.G.'s person.

The thrust of appellant's allegation is that, although R.A.G. knew she was seeing a doctor, there is no substantial showing in the record that her sessions with the doctor promoted her well-being or that she anticipated any medical benefit. Citing *United States v. Nelson*, 25 M.J. 110, 112 (C.M.A. 1987), the appellant contends that the foundation falls short of establishing that R.A.G. had an incentive to be truthful in her statements to Dr. Coleman.

The record discloses that R.A.G., the six-year-old step-daughter of the appellant and the victim in this case, was taken to Dr. Thomas Coleman for treatment as a consequence of the alleged offenses committed upon her person. R.A.G. knew that Dr. Coleman was a doctor and was trying to help her. During the course of her treatment, R.A.G. informed Dr. Coleman that appellant had put his fingers inside her and that appellant had forced her to suck his "privates." At appellant's court-martial, trial defense counsel objected to the admission into evidence of these statements of R.A.G. by Dr. Coleman on grounds of hearsay. The objection was overruled by the military judge who admitted the statements under the medical treatment exception set forth in Mil.R.Evid. 803(4). In support of his ruling, the trial judge entered findings of fact that Dr. Coleman informed R.A.G. that he was a doctor and that "[R.A.G.] understood as much as a five or six-year-old child does; that she was seeing a doctor, that it was promoting her well-being and that there was an incentive to be truthful." (R. 166).

Mil.R.Evid. 803(4) permits the admission into evidence even though the declarant is available as a witness of "statements made for purposes of medical diagnosis or treatment and described medical history, or past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof insofar as reasonable pertinent to diagnosis or treatment."

The United States Court of Military Appeals has held that the extra-judicial statement by the patient must have been clearly made with some expectation of receiving medical benefit from the medical diagnosis or treatment that is being sought. *United States v. Williamson*, 26 M.J. 115, 118 (C.M.A.1988); *United States v. Deland*, 22 M.J. 70, 75 (C.M.A.), *cert. denied*, 479 U.S. 856, 107 S.Ct. 196, 93 L.Ed.2d 128 (1986). That court has further stated that unless it appears that the child declarant knows at least that the person is rendering care and needs the information to help, the rationale for the exception to the hearsay rule disappears entirely. *United States v. Avila*, 27 M.J. 62, 66 (C.M.A.1988).

We agree with the trial judge's findings on this issue. Here R.A.G. was a very young child. She was aware that she was seeing a doctor and, like any child her age, was aware that the doctors provided medical assistance. While the type of assistance and the degree of benefit was unknown, she was nevertheless aware that medical assistance was being rendered. The doctor's testimony at trial indicates that he was there to assist and help the victim. In addition, R.A.G. testified that "... we talk about things and then get it out, and then I'll feel better after I get it all out."

R.A.G.'s statement is an acknowledgment of the doctor's treatment and justifies an inference that R.A.G. had an incentive to speak truthfully to make herself feel better. Accordingly, the testimony was properly admitted under Mil.R.Evid. 803(4). Under these circumstances, R.A.G. knew her consultations with Dr. Coleman promoted her well-being and that she possessed an incentive to be truthful during those consultations. We find no error on this alleged ground.

## III

Appellant, through counsel, further alleges that the military judge erred in ad-

mitting the testimony of Ruth Johnson regarding hearsay statements of the purported victim concerning the events of December 1986.

 The record reflects that Ruth Johnson, the elder sister of the victim, R.A.G., testified as to two purported excited utterances made by R.A.G. in July and December 1986. With regard to the events of December 1986, Mrs. Johnson testified that she had gone to her mother and step-father's home on Christmas Eve, 1986. Upon arriving, she walked into the bathroom to refresh herself and R.A.G. followed. According to Mrs. Johnson, R.A.G. then stated "out of the blue" that she had seen her mother sucking the appellant's "privates." Mrs. R. Johnson asked her sister how she knew such a thing and R.A.G. responded that she was watching them and that the appellant had made her do it as well. Mrs. Johnson testified that she asked her sister if she had done it and received an affirmative response. She then questioned her sister with regard to what would happen if she had refused and the child replied she would receive a spanking.

Mrs. Johnson's testimony indicates that, while R.A.G. was giving the foregoing information, she began to cry and shake; her eyes became red and she could not look her sister in the eye. She further testified that R.A.G. told her "this" event occurred after her mother had been released from the hospital and that similar acts had occurred each day thereafter. Subsequent questioning of Mrs. Johnson by the military judge indicated that R.A.G.'s mother had been released from the hospital some four to five days prior to Christmas Eve, 1986.

Military Rule of Evidence 803 states that "the following are not excluded by the hearsay rule, even though the declarant is available as a witness":

(2) Excited utterance. "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

The foregoing rule like its Federal counterpart recognizes that statements made during a startling event or while under the stress of excitement possess inherent reliability. The excitement and associated spontaneity remove the opportunity for calculation. *See* S. Salzburg, L. Schinasi and D. Schleuter, *Military Rules of Evidence Manual,* p. 641 (2d ed. 1986).

In 1987, we had occasion to analyze the case law concerning Mil.R.Evid. 803(2):

In *United States v. LeMere,* 22 M.J. 61 (C.M.A.1986), the Court of Military Appeals addressed the issue of admissibility of hearsay testimony under the excited utterance exception to the hearsay rule contained in Mil.R.Evid. 803(2). Our reading of *LeMere* convinces us the court interpreted Mil.R.Evid. 803(2) to require essentially a subjective analysis of the declarant's degree of excitement vis-a-vis the perceived startling event. If the event did not seem to startle or excite the declarant, then insufficient basis for the hearsay exception exists. Without such "excitement," there remains the question whether the declarant was "bereft of the reflective capacity" to fabricate—the basis for the exception to the general hearsay exclusion.

In circumstances such as here, the perception of whether a startling event has occurred must first be viewed through the eyes of the alleged declarant. It does not matter whether the event is in fact startling but only that it is perceived to be such by the declarant. Secondly, it must be determined whether the alleged statement was made under the stress of the exciting or startling event or condition. Where the first examination must, by necessity, be subjective in character, the latter determination must be manifested by a clear showing that the statement sought to be introduced was made while under the stress of the perceived startling event or condition. This latter test must, also by necessity, be somewhat objective in character.

*United States v. Ansley,* 24 M.J. 926, 928 (A.C.M.R.1987) (citations and footnote omitted).

 Furthermore, the rule requires a reasonable nexus in time between the startling event occasioning the excited utter-

ance and the utterance itself. *United States v. Allen,* 13 M.J. 597 (A.F.C.M.R. 1982). There is no requirement for independent evidence to corroborate the startling event which prompted the excited utterance. *United States v. Arnold,* 25 M.J. 129, 134 (C.M.A.1987) (citing *United States v. Sandoval,* 18 M.J. 55 (C.M.A.1984)).

▮ Here, we have no doubt that the event in question may itself have been perceived as a startling event. However, it is highly questionable that four to five days after the alleged incident in question this child would have been acting under stress of such an event. As we stated in *Ansley,* there must be "a clear showing that the statement sought to be introduced was made under the stress of the perceived startling event or condition." *United States v. Ansley,* 24 M.J. at 928. There was no such clear showing made in this case. The prosecution failed to produce any evidence concerning the facial expression or tone of voice or other physical manifestation of R.A.G. at the time she entered the bathroom, much less an affirmative showing as to when the event occurred. The military judge did, however, elicit evidence from the prosecution's witness, Mrs. Johnson, that "the" event had occurred some four to five days earlier.[1] Mrs. Johnson's description of the physical appearance of R.A.G. at the time of these alleged statements indicate a distraught child with red eyes—a condition that any parent will recognize as usually not produced instantaneously. That the child may have become upset recalling an unpleasant memory we have little doubt, but there was no showing her condition was directly attributable to the startling event which was the basis for admitting the so-called excited utterance. Accordingly, as we view the evidence, there was a failure of the prosecution's proof to show that the child's statements were made under the stress of the alleged startling event. Accordingly, the military judge committed prejudicial error in admitting in evidence R.A.G.'s alleged statements of 24 December 1986 to Mrs. Johnson under the excited utterance exception to the hearsay rule. *See* Mil.R.Evid. 803.

## IV

▮ After our initial review of the record in the case at bar, the court specified a number of issues, among them a question of whether the evidence of record was sufficient to prove the offense of indecent assault. The appellant was charged with committing an indecent assault upon R.A.G., a child, "by threatening to hit her with his open fist or closed hand if she would not suck his penis, with the intent to gratify his sexual desires."[2] The Government concedes—correctly—that the evi-

---

1. Mrs. Johnson testified that R.A.G. had told her that similar acts had occurred each day thereafter for an undetermined time. Mrs. Johnson's testimony was based on two separate themes: first, that R.A.G. had seen her mother committing sodomy with her stepfather; and, second, that appellant had made R.A.G. commit a similar act upon his person under the threat of a spanking. Whether the statements referred to acts committed by R.A.G.'s mother upon her stepfather or acts against the person of R.A.G. were not explained by counsel or otherwise clarified on the record. Consequently, the evidence of record could at best support, if believed, a single incident of sodomy (fellatio) committed by R.A.G. under threat of force.

2. The court also questions whether the specification is sufficient to make out the offense of indecent assault at all. The elements of the offense of indecent assault include: 1) an assault against a person not the wife of the accused and 2) that the acts constituting the assault *"were done with the intent to gratify the lust or sexual desires of the accused."* Manual for Courts–Martial, United States, 1984, [hereinafter MCM, 1984], Part IV, paragraph 63b (emphasis added). On the face of the specification, the Government has failed to allege an overt act which could be considered either indecent or calculated to gratify sexual desires. Concededly, the assault was motivated by the appellant's sexual desires and constituted a step towards the ultimate gratification of the accused's sexual desires; nevertheless, the act of threatening a child with an open hand or closed fist was not itself a sexual act nor does it tend "to excite lust and deprave the morals with respect to sexual relations." MCM, 1984, paragraphs 63c and 90c. Consequently, the alleged misconduct does not indicate the offense of indecent assault "by fair implication." *United States v. Cox,* 18 M.J. 72 (C.M.A.1984). Rather, the offense alleged a simple assault.

 In the usual case, we would test this "misdesignation" of the charge for prejudice. *See* R.C.M. 307(d). Our analysis moots the necessity to do so.

dence of record is insufficient to prove the assaultive gesture alleged in the specification.

 The Government requests this court to affirm the appellant's conviction for indecent assault by "exceptions and substitutions" on the grounds that the evidence at trial established that the appellant pushed R.A.G.'s head toward his penis while uttering his "threat." The court has already noted the Government's concession that it failed to prove its case. The language of the specification did not place this belatedly asserted "fact" in issue at trial and the instructions of the military judge did not place this issue of fact before the members. Consequently, the accused was not required to defend against this factual allegation and the members had no occasion to make a beyond-reasonable-doubt determination of this issue of fact. Although the Government would characterize this matter as one of "minor variance,"[3] this court cannot "affirm a criminal conviction on the basis of a theory not presented" to the members.[4] *Chiarella v. United States*, 445 U.S. 222, 236, 100 S.Ct. 1108, 1119, 63 L.Ed.2d 348 (1980); *accord United States v. Brown*, 18 M.J. 360, 362 (C.M.A. 1984). For this court to enter a finding that the appellant pushed R.A.G.'s head would substitute this court's determination of an adjudicative fact for that of a court-martial, thus, effectively denying the appellant his constitutional and codal right to have his factual guilt adjudicated by a court composed of members. For the same reason, we cannot affirm his conviction for the lesser included offense of simple assault as that lesser included offense was not submitted to the triers of fact for decision.

 As an alternative position, the Government requests this court to affirm the appellant's conviction on the basis of an alternate offense duplicitously set forth in the factual allegations of the specification. No model of clarity, the allegations contained in the specification do allege two other offenses under the Code: the offenses of communicating a threat and of communicating indecent language under Article 134, UCMJ. These offenses, under normal circumstances, would constitute lesser included offenses in the absence of an objection by the appellant to the superfluous and duplicitous facts alleged in the specification. MCM, 1984, paragraph 2; *see United States v. Baker*, 14 M.J. 361, 367–368 (C.M.A.1983). However, the Government requested instructions only on the lesser included offense of communicating indecent language and the court only instructed the members with regard to that lesser included offense.

 Although these offenses were factually embraced within the specification purportedly alleging an indecent assault as we have noted, these offenses are not, however, lesser included *as a matter of law* in these circumstances; each sets forth elements unique from the offense of assault. *See United States v. Baker*, 14 M.J. at 369. Once the members considered and returned a verdict of guilty of the offense as it was charged, there was, as the military judge instructed, no need for the members to consider the remaining lesser included offense. The military judge did not instruct the members on the law of wrongful communication of a threat. The appellant's due process right under the precedents we have cited entitle him to an adjudication of his guilt by a trial court to include members; this court is precluded from salvaging the appellant's conviction on the basis of any lesser included offense of indecent assault which is not lesser included as a

**3.** Even assuming that the members had returned a finding of guilty by exceptions and substitutions to the offense of assault by pushing R.A.G.'s head towards the appellant's penis, an issue of multiplicity for findings with the appellant's sodomy conviction would have attended such a finding. *See United States v. Flynn*, 28 M.J. 218, 221 (C.M.A.1989) (Everett, C.J., concurring) ("if a servicemember assaults someone with an intent to accomplish several

results ... the single assault cannot be multiplied into several crimes").

**4.** A different rule applies in cases where the accused enters a plea of guilty which is on its face improvident but is provident as to some lesser, closely-related charge. *United States v. Epps*, 25 M.J. 319 (C.M.A.1987).

matter of law. Accordingly, we will dismiss the offending specification in our decretal paragraph.

## V

Appellant alleges that the evidence of record is insufficient to support a finding of guilty of the offense of sodomy in light of the victim's testimony at the deposition. Here, the thrust of the appellant's assertion is not insufficiency of the evidence at law, but rests upon the facts that the child victim had, on one occasion, denied that the act of sodomy occurred. Consequently, appellant's complaint rests upon the credibility of the testimony and the weight to be given to the evidence at trial.

The evidence of record discloses that the victim, R.A.G., testified at deposition that the appellant had committed a specific sexual act, an indecent touching, upon her person. She was subsequently asked whether appellant had done anything else to her and she responded, "No." However, subsequent questioning by the trial counsel elicited testimony which indicated that appellant had threatened to spank R.A.G. if she would not suck his "privates"[5] and R.A.G. said she performed this act on at least one occasion. She made a consistent statement to a treating physician which was independently admitted as substantive evidence under the medical treatment exception to the rule against hearsay. Here, there is ample evidence which, if believed, established that a sodomy was committed.

 However, absent the testimony of Ruth Johnson concerning the events of December 1986, the only testimony that would support the date and time of such an occurrence is that of R.A.G., who testified that the alleged event occurred during the "summer" at the home in Fort Riley, Kansas, at a time substantially different from that pled in the charge and specification. It is essential and incumbent upon the prosecution to establish and prove the specific date, time and place the alleged offense occurred beyond a reasonable doubt. *See*

paragraph 3–201, Department of the Army Pamphlet 27–9, May 1982. Although the prosecution produced evidence which, if believed, established the existence of the offense of sodomy as pled, the evidence which they introduced to establish the date and time of such offense was inadmissible (see Part III of this Opinion) and therefore constitutes procedural error which affected appellant's conviction of sodomy.

 The Double Jeopardy Clause[6] of the Constitution forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. Consequently, a finding of insufficiency of evidence by either the trial court or an appellate court will bar a second trial on the issue. However, the Double Jeopardy Clause does not preclude retrial when a conviction is set aside because of procedural error in the proceedings leading to conviction. *See United States v. Burks*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), and *United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed. 448 (1964). *See also United States v. Robinson*, 16 M.J. 766 (A.C.M.R. 1983), and the cases cited therein.

Accordingly, we deem it appropriate in these circumstances to authorize a rehearing on this specification if the convening authority deems such action appropriate and we will so authorize in our decretal paragraph.

## VI

The court had duly examined the remaining allegations of error and find that they lack merit.

The appellant has also specified four allegations of error under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). Appellant's allegation of error concerning the appropriateness of his sentence is mooted by our action herein. Appellant's personal allegation of error concerning the abuse of

---

5. Testimony of R.A.G.'s mother indicated that the child used the word "privates" to describe a man's penis.

6. U.S. Const. amend. V.

discretion by military judge's denial of the challenge for cause against Captain Shinn was included in those allegations of alleged error raised by his counsel and considered by the court as set forth in Part I of the court's opinion. The remaining two allegations of error have been duly considered by the court and are deemed to lack any merit.

The findings of guilty of the Specification of Charge I and Charge I and Specification 1 of Charge II are set aside. Specification 1 of Charge II is dismissed. The remaining findings of guilty are affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on the Specification of Charge I and the sentence. If the convening authority determines that a rehearing on that charge is impracticable, he may dismiss the charge and order a rehearing on the sentence only.

Judge KANE and Judge WERNER concur.