**UNITED STATES, Appellee,**

v.

**Sergeant First Class Jimmy N. ARM-STRONG, 446–46–2015, United States Army, Appellant.**

**ACMR 8800137.**

U.S. Army Court of Military Review.

26 Nov. 1991.

For Appellee: Captain Marcus A. Brinks, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Major Thomas E. Booth, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

De GIULIO, Senior Judge:

In January 1988, appellant was tried by general court-martial for sodomy, assault consummated by a battery upon his wife, indecent assault, indecent acts, and taking indecent liberties with a child in violation of Articles 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 928, and 934 (1982) [hereinafter UCMJ]. He pleaded guilty to assault consummated by a battery and not guilty to the remaining offenses. He was found not guilty of indecent acts but guilty of the remaining offenses. He was sentenced to a dishonorable discharge, confinement for ten years, and reduction to Private El. The convening authority approved the sentence.

On 30 March 1990, this Court set aside the findings of guilty of the sodomy and indecent assault specifications and the sentence. *United States v. Armstrong*, 30 M.J. 769 (A.C.M.R.1990). The specification for the indecent assault was dismissed. A rehearing was authorized on the sodomy specification and the sentence. *Id.*

In the rehearing before a general court-martial composed of officers which concluded on 29 August 1990, appellant was again found guilty of sodomy. For the findings of guilty of sodomy, indecent liberties with a child under the age of sixteen, and assault consummated by a battery, he was sentenced to a dishonorable discharge, confinement for ten years, and reduction to Private El. The convening authority approved the sentence.

The case is now before us for further review. Appellant alleges several errors which are harmless or are without merit. We affirm the findings of guilty and the sentence.

For Appellant: William J. Holmes, Esquire (argued), Captain Mark L. Toole, JAGC (on brief).

## I.

Appellant asserts that the military judge committed prejudicial error by admitting hearsay statements of the victim which were not made for medical purposes.

After allegations by appellant's six-year-old stepdaughter, R, that appellant had sexually molested her, the child was placed in a foster home by the Kansas Social Rehabilitation Services (SRS). In March of 1987, she was also referred to Dr. Thomas Coleman, a clinical psychologist, shortly after the incidents were reported. Dr. Coleman testified that she was referred to him because of allegations of sexual abuse by her stepfather. He viewed himself, not as an arm of the court trying to bring someone to justice, but as trying to help the child deal with a nasty situation. His purpose was to assess her mental status and to determine the further need for treatment. He concluded that she had been sexually molested and needed further treatment. Dr. Coleman saw her three times a month from March 1987 through March 1989. Because he thought interrogation of R would not be helpful in evaluation and treatment, he used "play therapy," a system where the child plays with toys and "acts out various kinds of actions." He testified that it provides an opportunity to be able to comment on those actions, tie them to feelings, and helps the child put actions and feelings into words so the child can control and understand them. R knew she had appointments and called him "Doctor Coleman." They talked about the pain she was experiencing and that her going to Dr. Coleman would help her deal with her problems. Dr. Coleman testified that R was above average in intelligence, and that he had no reason to believe she did not understand "what a doctor is."

In December 1987, Captain (CPT) K, trial counsel at the original trial of this case, wanted to interview R. Dr. Coleman considered that part of his treatment of R was to help R go through the trial process because he felt it would be very difficult for her. Consequently, the interview occurred at a regularly scheduled visit of Dr. Coleman in what he termed "the relatively protected environment of his office." Dr. Coleman testified that he considered himself in control of this session. Upon questioning by CPT K, R stated that appellant had made her "suck his privates, had pushed her head down."

On 11 January 1988, R saw Dr. Coleman with no one else present. When Dr. Coleman asked how she was doing, R immediately told him that she was going to court and wanted to tell what her dad did to her. She stated that appellant made her "suck his privates" and threatened to spank her if she wouldn't do it. She stated that he did not spank her, that this had occurred nine or ten times, and that her mother had been present.

At trial, over timely defense objection, Dr. Coleman was permitted to testify to the statements made by R in December 1987 and 11 January 1988 under the medical treatment exception to the hearsay rule. It is these statements which appellant urges were inadmissible.

Statements offered under the medical treatment exception[1] to the hearsay rule must meet two conditions: First, the statement must be made for medical diagnostic or treatment purposes. Second, the patient must expect that she will receive a medical benefit from the diagnosis or treatment. *United States v. Edens*, 31 M.J. 267 (C.M.A.1990); *United States v. Williamson*, 26 M.J. 115 (C.M.A.1988); *United States v. Deland*, 22 M.J. 70, 75 (C.M.A.), *cert. denied*, 479 U.S. 856, 107 S.Ct. 196, 93 L.Ed.2d 128 (1986). The medical treatment provision can apply to a statement given by a patient to a psychologist. *United States v. Nelson*, 25 M.J. 110 (C.M.A.1987), *cert. denied*, 484 U.S. 1061,

---

1. The medical treatment exception to the hearsay rule provides: "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Manual for Courts-Martial, United States, 1984, Military Rules of Evidence 803(4) [hereinafter Mil.R.Evid.]. Federal Rule of Evidence 803(4) [hereinafter Fed. R.Evid.] is identical.

108 S.Ct. 1016, 98 L.Ed.2d 982 (1988). A statement given to a psychologist when the purpose is more oriented to trial preparation versus diagnosis and treatment is not admissible under the medical treatment exception. *United States v. Evans*, 23 M.J. 665, 667 (A.C.M.R.1986), *aff'd on remand*, 26 M.J. 550 (A.C.M.R.), *aff'd*, 27 M.J. 447 (C.M.A.1988), *cert. denied*, 490 U.S. 1092, 109 S.Ct. 2434, 104 L.Ed.2d 991 (1989).

■ In the case before us, we must consider the two statements by R which Dr. Coleman presented to the court-martial. We are reluctant to conclude that the statement made during the interview by the trial counsel in December 1987 was for the primary purpose of diagnosis or treatment. Although Dr. Coleman thought he was in charge, clearly this statement was given to the trial counsel for the purpose of preparation of his case for the trial which was conducted in January 1988, rather than for diagnosis and treatment. To hold otherwise would erode the reliability of the medical treatment exception. Such a holding could encourage pretrial interviews of prospective witnesses by trial counsel in the presence of medical personnel in order to get those statements before the court. Here, the first condition for admission of this statement was not satisfied. We hold that it was error to admit that statement into evidence under Mil.R.Evid. 803(4).

■ The statement given by R to Dr. Coleman on 11 January 1988, however, is a different matter. Dr. Coleman had been treating R for several months prior to the statement. His purpose was to assess her mental status and determine the need for treatment. Having determined the need, he proceeded with treatment, meeting with R three times a month. Although the quantum of proof may be relaxed where a child is being treated, the moving party must show that the patient furnishing the information was seeking help. *Edens*, 31 M.J. at 269, *citing Williamson*, 26 M.J. at 118. R went to see Dr. Coleman at scheduled appointments. She called him "Doctor." She knew she could talk to him about things and get them out so that she would feel better. We find, as did the military judge, that R "understood as much as a five- or six-year-old does that she was seeing a Doctor, that it was promoting her well-being, and there was an incentive to be truthful." *See United States v. Armstrong*, 30 M.J. 769, 772 (A.C.M.R.1990).

We hold, therefore, that R's statement to Dr. Coleman of 11 January 1988 falls within the medical treatment exception of the hearsay rule. *See* Mil.R.Evid. 803(4); Fed. R.Evid. 803(4).

■ Although the statement made in December 1987 should not have been admitted into evidence, R's statement of 11 January 1988 to Dr. Coleman contains the same information as the inadmissible statement. Contrary to appellant's contention, however, the 11 January statement was not merely a repeat of that made in December but was much more extensive. Accordingly, since the same information was properly presented to the court, we find that the error was harmless. *See* UCMJ art. 59(a), 10 U.S.C. § 859(a).

■ Appellant further contends that the statement does not satisfy the confrontation clause of the sixth amendment of the Constitution. Although the confrontation clause is not a "mere codification" of hearsay rules, exclusion of evidence qualifying under a hearsay exception is unusual. *See generally* E. Cleary, McCormick On Evidence 752 (3d ed. 1984). In order to satisfy the confrontation clause, the Supreme Court of the United States has held that a statement must have adequate "indicia of reliability," established when "the evidence falls within a firmly rooted hearsay exception;" otherwise there must be "a showing of particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). We are satisfied that statements made for purposes of medical diagnosis and treatment fall within a firmly-rooted exception to the hearsay rule, and their reliability can be inferred without further inquiry. *See Ohio v. Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539; *See also Idaho v. Wright*, — U.S. ——, 110 S.Ct. 3139, 3149, 111 L.Ed.2d 638 (1990).

## II.

■ Appellant also asserts that the evidence was legally and factually insufficient to establish appellant's guilt beyond a reasonable doubt. The government's case was based on the testimony of Dr. Coleman and the child's mother, Mona. Appellant contends that Mona had denied appellant's sexual abuse of R prior to the rehearing, was an untruthful person, and had committed perjury on more than one occasion. At trial, appellant presented this evidence to convince the members that Mona was unworthy of belief and now testified that the sexual abuse occurred so her parental rights over R would not be terminated. His contention of insufficiency of the evidence is also based upon the alleged unreliability of R's statement to Dr. Coleman. He contends that Dr. Coleman did not inquire into the specifics of the statement. He further contends that R's statement was the result of suggestive interviews designed to incriminate appellant which were conducted by her older sister, social workers, and law enforcement officials. He emphasizes appellant's testimony denying the offense.[2]

Through the testimony of Dr. Coleman and Mona, the government presented evidence that R was forced to commit sodomy on appellant after appellant threatened to spank her if she did not do so. This took place on several occasions in the period of November and December 1986. At least on one occasion Mona was present during the incident. Again the appellant denied the offense. Appellant's ex-wife, his sister, and his son testified appellant was truthful but Mona was not. Other evidence indicated Mona committed perjury, was convicted of bad check offenses and had not been truthful in the past.

After viewing the evidence in light most favorable to the government, we find that the fact finder could have found beyond a reasonable doubt the essential elements of the offenses. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Reviewing the evidence in the record of trial for factual sufficiency, making allowances for not having personally observed the witnesses, we are convinced of appellant's guilt beyond a reasonable doubt. UCMJ art. 66(c), 10 U.S.C. § 866(c); *United States v. Turner,* 25 M.J. 324, 325 (C.M.A.1987).

## III.

Appellant asserts that the military judge committed prejudicial error by erroneously instructing the members that the prior sworn testimony of Mona could not be used as substantive evidence, but only for impeachment purposes. The Government appellate counsel concedes error but contends the error was waived and was harmless. We agree with the government.

■ At the rehearing Mona testified that she was present when appellant made R sodomize him. At the prior trial she had testified that the offense never happened. The military judge instructed the court they could consider the inconsistency in evaluating the believability of Mona. He stated, "You may not, however, consider the prior statement as evidence of the truth of the matter contained in the prior statement."[3] This instruction was erroneous.

---

2. Appellant also emphasizes a statement by a Dr. Lohrenz, a clinical psychologist who concluded that appellant's personality traits did not match those which are characteristic of sexual offenders. This statement was not presented at trial but was submitted to the convening authority after trial under Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1105 [hereinafter R.C.M.]. This evidence was not before the court-martial and we will not consider it in determining if the evidence presented at trial was sufficient.

3. Military Rule of Evidence 801(d)(1)(A) provides that prior testimony under oath subject to the penalty of perjury at a prior trial which is inconsistent with the declarant's current testimony is not hearsay. *Cf.* Fed.R.Evid. 801(d)(1)(A). On prior inconsistent statements, Dep't of Army, Pam 27–9, Military Judges' Benchbook, para. 7–11 n. 1 (1 May 1982) provides, in part:

[I]f evidence of an inconsistent statement is admissible to establish the truth of the matter asserted in the statement, as when (1) it is evidence of a voluntary confession of a witness who is the accused, (2) it is a statement of the witness which is not hearsay such as a prior statement made by the witness under oath subject to the penalty of perjury at a

In the case before us, the court members had two alternatives. They could believe Mona's testimony at the rehearing and convict appellant; or, they could believe she lied at the rehearing and conclude she had not witnessed any abuse. Under the facts of this case the error in instruction made little difference and was harmless. Further, appellant's counsel failed to object to the erroneous instruction. When given the opportunity to object to any instruction, he answered, "Nothing from the defense, your honor." "Failure to object to an instruction or to omission of an instruction before members close to deliberate constitutes waiver of the objection in the absence of plain error." R.C.M. 920(f). Here, we find no plain error.

## IV.

Finally, appellant alleges that the military judge erred by admitting evidence of other acts of misconduct and by excluding defense evidence that showed that the acts of misconduct had no relevance to any material issue.

At the trial, Mona testified that she lied at an earlier hearing, denying that sodomy between appellant and R occurred. On cross-examination, defense counsel probed her potential bias and reasons for lying at the rehearing. Defense elicited on cross-examination that she had lied under oath at the prior hearing. She stated that appellant beat her and threatened her whenever she confronted him with the sexual abuse of R.[4] Trial defense counsel objected to the testimony. Appellant contends that the purpose of this testimony was to show that he is a bad person, which is prohibited by Mil.R.Evid. 404. He further asserts its use did not fall within the exception for use of uncharged misconduct, and its prejudicial effect outweighed its probative value under

trial, hearing, other proceeding, or in a deposition, (3) it is a statement of the witness otherwise admissible as an exception to the hearsay rule, or (4) the witness testified that his inconsistent statement is true and thus adopts it as a part of his testimony, the last sentence of the above instruction [quoted instruction] should not be given. In such a case the judge should explain to the court mem-

Mil.R.Evid. 403. He also notes as error that the military judge would not permit appellant to show Mona had attacked police officers on prior occasions.

Once the testimony of a witness has been attacked, the proponent may, on redirect examination, give the witness a chance to explain or deny the basis of impeachment. *See United States v. Cirillo*, 468 F.2d 1233, 1240 (2d Cir.1972); *United States v. Pritchard*, 458 F.2d 1036, 1039 (7th Cir.1972); *see also United States v. Allard*, 19 M.J. 346 (C.M.A.1985) (witness may be rehabilitated after attack on credibility by slashing attack on cross-examination); *United States v. Boone*, 17 M.J. 567, 568 (A.F.C.M.R.1983) ("[W]e are unaware of any rule of law which prohibits a witness from testifying to the reasons or motivating factors that cause him ... to testify in court ..."). We find this to be proper rehabilitation of the witness and not error. Although the military judge did not verbalize for the record that he went through a balancing test in admitting this testimony, the discussions of Rule 403 in the Article 39(a) session concerning this matter convince us he did so. *See* Mil.R.Evid. 403; Fed.R.Evid. 403.

Further, there was no error in the military judge's decision not to admit evidence that Mona had assaulted police officers in the past. Appellant's contention was that such evidence tended to show that Mona was not intimidated by appellant. The military judge noted that Mona's testimony did not suggest she was passive and that character trait was not a issue. The proposed evidence was of too little probative value to be presented to the court. The military judge did not err in refusing to admit it. *See United States v. Luce*, 17 M.J. 754 (A.C.M.R.1984).

bers the additional purpose for the admission of such evidence as may be applicable.

4. Mona's testimony on this subject was general in nature because of the military judge's instruction given at an Article 39(a) session. The purpose of keeping the testimony general was to avoid discussion of other offenses of which appellant had been found guilty at the original trial, but which were not before the court.

We find the errors asserted personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) are also without merit.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge ARKOW concur.