UNITED STATES, Appellee,

v.

Jimmy N. ARMSTRONG, Sergeant First Class U.S. Army, Appellant.

No. 67,613.
CM 8800137.

U.S. Court of Military Appeals.

Argued Oct. 2, 1992.

Decided Feb. 25, 1993.

For Appellant: *William J. Holmes* (argued); *Captain Mark L. Toole* (on brief).

For Appellee: *Lieutenant Colonel Joseph A Russelburg* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam, Captain Marcus A. Brinks* (on brief).

*Opinion of the Court*

COX, Judge:

This appeal concerns two trials. At the first, despite his pleas of not guilty, appellant was convicted by the members of committing sodomy and taking indecent liberties with, and committing an indecent assault upon, his 5–year–old stepdaughter. *See* Arts. 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. Pursuant to his pleas of

guilty, he was also convicted of assault and battery upon his wife. *See* Art. 128, UCMJ, 10 USC § 928. He was sentenced to a dishonorable discharge, confinement for 10 years, and reduction to the lowest enlisted pay grade. The convening authority approved the sentence.

On initial review, the Court of Military Review affirmed the findings as to the charges of assault on appellant's wife and taking indecent liberties with his stepdaughter; dismissed the indecent-assault charge; set aside the findings as to the sodomy charge and the sentence; and authorized a rehearing on the sodomy charge and the sentence. 30 MJ 769 (1990).

The resulting rehearing on the sodomy charge was convened before officer members. There, contrary to his pleas, appellant was convicted of sodomy. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for 10 years, and reduction to the lowest enlisted grade. He directed that appellant receive credit for "any portion of the punishment served" under the sentence adjudged at the first court-martial. The Court of Military Review affirmed these findings and the sentence. 33 MJ 1011 (1991).

Appellant has presented four issues for our consideration. We will address two of these: Issue I, which arises out of the second trial; and Issue IV, which arises out of the first trial. For the reasons hereinafter stated, these two issues are dispositive of the appeal.[1]

## ISSUE I

WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL AND CONSTITUTIONAL ERROR [at appellant's second trial] BY ADMITTING HEARSAY STATEMENTS WHICH WERE NOT MADE FOR MEDICAL PURPOSES AND WHICH DID NOT CONTAIN ANY INDICIA OF RELIABILITY IN VIOLATION OF THE SIXTH AMENDMENT AS WELL AS THE MILITARY RULES OF EVIDENCE.

## ISSUE IV

WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR [at appellant's first trial] IN REFUSING TO GRANT THE DEFENSE CHALLENGE FOR CAUSE AGAINST CAPTAIN SHINN.

At the second trial, the Government alleged that appellant molested his 5–year–old stepdaughter by inserting his fingers into her vagina and having her perform oral sodomy upon him. It was the Government's theory that the victim reported the abuse to her older sister, whose observations of her sister's physical appearance and behavior caused her to believe something was wrong. On December 30, 1986, the victim's sister reported the abuse to agents of the Criminal Investigation Command (CID) at Fort Riley, Kansas.

After an investigation, the victim was taken from the home by the Kansas Social Rehabilitation Services and placed in a foster home. The victim was also referred to Dr. Thomas Coleman, a clinical psychologist, for assessment and treatment. The treatment was regular and continued for approximately 1 year at the time the state-

---

**1.** We also granted two other issues:

### ISSUE II
WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR BY ERRONEOUSLY INSTRUCTING THE MEMBERS THAT THE SWORN TESTIMONY OF MONA CAUDILL IN THE PRIOR COURT–MARTIAL WHICH EXCULPATED APPELLANT COULD *NOT* BE USED AS SUBSTANTIVE EVIDENCE, BUT ONLY FOR IMPEACHMENT PURPOSES.

### ISSUE III
WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING EVIDENCE OF OTHER ACTS OF MISCONDUCT AND BY REFUSING THE DEFENSE ANY OPPORTUNITY TO REBUT THIS EVIDENCE BY EXCLUDING COMPETENT EVIDENCE WHICH DEMONSTRATED THAT THE ALLEGED ACTS OF MISCONDUCT HAD NO RELEVANCE TO ANY MATERIAL ISSUE IN THE INSTANT CASE.

ments germane to this appeal were made by the victim.

In December 1987, while preparing for court, trial counsel, Captain Koepp, decided to interview the victim in the presence of Dr. Coleman. For the first time, the victim told trial counsel that appellant "had touched her privates" and made her "suck his private place." At a subsequent session, the victim told Dr. Coleman "that she wanted the people to know, to tell them the truth about what her dad [appellant] did to her."

At the first trial, the victim's sister testified in person and the victim testified by videotaped deposition. However, at the second trial, for reasons not pertinent to this appeal, neither the victim nor her sister was called to testify by the Government.[2] Rather, the only evidence presented by the Government at the rehearing was testimony by Dr. Coleman and the victim's mother.

Over timely objection, Dr. Coleman was permitted to testify about statements made to him by the victim. The victim's mother testified from her personal observations of numerous times appellant forced the victim to sodomize him. This testimony was completely opposite to the sworn testimony she had given in the first trial. This prior testimony and the judge's instruction concerning it gave rise to granted Issue II. *See* n.1, *supra.*

Initially, we are concerned whether the military judge's ruling to allow Dr. Coleman to testify about the statements made to him by the victim was correct. The hearsay statements were offered and received into evidence as "[s]tatements made for purposes of medical diagnosis or treatment," Mil.R.Evid. 803(4), Manual for Courts-Martial, United States, 1984. We agree with appellant that the military judge improperly admitted the challenged testimony pursuant to that rule.

The hearsay testimony which is admissible under Mil.R.Evid. 803(4) as *Statements for purposes of medical diagnosis or treatment* is defined as:

> Statements made for purposes of medical diagnosis or treatment and described medical history, or past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

■ Two precedent conditions must be satisfied to make the statements admissible. First, the declarant must have "some expectation of promoting his well-being and thus an incentive to be truthful." *United States v. Nelson,* 25 MJ 110, 112 (CMA 1987), *cert. denied,* 484 U.S. 1061, 108 S.Ct. 1016, 98 L.Ed.2d 982 (1988). Second, the statements must be made by a declarant "for the purpose of [medical] diagnosis and treatment." 25 MJ at 112. We have not limited the statements only to those made to medical doctors, and we have recognized that statements to psychologists, such as Dr. Coleman, likewise may fit the rule. *Id.* at 112–13. *United States v. Welch,* 25 MJ 23, 24 (CMA 1987).

The statements made in this case clearly do not fit the rule. First, the statements were made by the victim to trial counsel in preparation for trial, not by the victim to a doctor, physician, or other medical person, to describe "medical history, or past or present symptoms, pain, or sensation." Mil.R.Evid. 803(4). The fact that they were repeated again some days later does not change the character of the statements. Further, it cannot be fairly stated, given the circumstances surrounding these decla-

---

2. At the second trial, appellant filed a Motion for Relief To Limit the Testimony of the Victim because of the Government's failure to retain evidence. Jencks Act, 18 USC § 3500. The military judge ruled in favor of appellant and excluded the victim's testimony in its entirety. No appeal was taken by the Government under Article 62, Uniform Code of Military Justice, 10 USC § 862.

The correctness of this ruling is not before us; however, we feel it appropriate to comment on one aspect of the judge's ruling. Specifically, we note that the military judge expressed a willingness to hear the victim's testimony on the issue. Such openness by the military judge afforded the Government an opportunity, of which they failed to avail themselves, to lay a factual predicate and begin to satisfy preconditions for admission of such hearsay evidence.

rations, that this child made the statements in anticipation of being healed or cured of a disease or medical problem.

■ We do not quarrel with the attractive arguments advanced by the Government. It is true that the entire relationship between Dr. Coleman and the victim was designed to treat her for child abuse and to allow her to cope with the dreadful trauma associated with incest. We also do not quarrel with the Government that every statement made by the patient to her psychologist contributes in some way to the diagnosis and subsequent treatment. However, even untrue statements contribute to the psychologist's understanding of his or her patient's problems; thus the mere fact that a patient made a statement to a psychologist does not necessarily make the statement admissible under this rule. On the other hand, we do not establish any arbitrary time-line that would require the statements to have been made at the outset of the treatment. Nevertheless, the rule must be satisfied, and the patient must make the statements for the specific purposes enumerated in the rule. The statements in this case simply do not fit.

■ Because we find the statements inadmissible, we have reviewed the remaining evidence of record concerning Charge I and its specification to determine whether admission of the hearsay was "harmless error." Art. 59(a), UCMJ, 10 USC § 859(a). We conclude that it was not.

Our holding, however, only pertains to the statements of the victim concerning the sodomy charge (Charge I and its specification) in the second trial. Appellant was found guilty of assault and of taking inde-

cent liberties with a child at the first trial. From the outset of the case, the child complained of appellant's indecent touching of her privates. Although not at issue here, those statements clearly do fit within the medical-diagnosis exception and are admissible.

However, for another reason, we must consider if appellant's conviction of Charge II and its specification (taking indecent liberties) and his sentence for the Additional Charge (assault) at the first trial can stand. Issue IV requires us to decide whether the military judge abused his discretion when he denied the challenge for cause of Captain Shinn. *See United States v. Smart,* 21 MJ 15 (CMA 1985). After carefully considering the extensive *voir dire* of the member by the military judge and defense counsel—covering some 25 pages of the record of trial—we are satisfied, as was the military judge, that the member was qualified. *See* 30 MJ at 771.

The decision of the United States Army Court of Military Review as to Charge I and its specification (sodomy) and the sentence is reversed. The findings of guilty thereon are set aside, and that Charge and its specification are dismissed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review, which may reassess the sentence or order a rehearing on sentence, based on the remaining findings of guilty.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS *concur.*